■ PABLO ORTEGA, Respondent, v CATAMOUNT CONSTRUCTION CORP. et al., Appellants. (And Other Actions.) [694 NYS2d 367] —Judgment, Supreme Court, New York County (Louis York, J., and a jury), entered November 5, 1997, in an action by a laborer for personal injuries sustained at a renovation site, holding defendants site owner, construction manager and asbestos removal prime contractor liable to plaintiff under Labor Law § 240 (1) for damages structured pursuant to CPLR article 50-B, attributing fault 33⅓% to defendant construction manager, 33⅓% to defendant asbestos removal prime contractor and 33⅓% to defaulting third-party defendant asbestos removal subcontractor, plaintiff's employer, and awarding defendant site owner common-law indemnity against the construction manager and the asbestos removal prime contractor and subcontractor, and contractual indemnity against the asbestos removal prime contractor, unanimously modified, on the law and the facts, to vacate as against the weight of the evidence the apportionment of fault for plaintiff's injuries and to order a new trial thereon, and otherwise affirmed, without costs.

Any claim by the construction manager that it was not a party potentially liable for a violation of Labor Law § 240 (1) is unpreserved, since it did not raise such argument either in moving to dismiss at the close of plaintiff's case or in moving for a directed verdict at the close of the evidence, and never requested that the jury be instructed to determine whether it was a "contractor" or "agent" of the owner within the meaning of the statute. Even if this argument were preserved, it would

be unavailing, since there was ample, and uncontradicted, testimony by the construction manager's own supervisor as well as that of the asbestos removal prime contractor, whose subcontractor, the defaulting third-party defendant, was plaintiff's employer, that the construction manager was understood to be "in charge" of the project and to have overall responsibility for the work, including matters of safety. Such evidence would have provided ample basis for a finding that the construction manager had "the contractual or other actual authority to control or supervise the activity bringing about plaintiff's injury" (*Filchuk v Lehrer McGovern Bovis Constr.*, 232 AD2d 329, 329-330). The purported agreement between the construction manager and the owner was not placed in evidence at trial, and so cannot be considered on this issue, and, in any event, we would deem the parties' actual course of practice to be controlling for these purposes.

The trial court correctly granted the owner common-law indemnity against the construction manager, regardless of whether any actual negligence by the latter had been proven, since it is undisputed that the former did not exercise any actual control or supervision over the work, and hired the latter to exercise such control and supervision. Accordingly, as between them, liability resulting from the violation of Labor Law § 240 (1) should be imposed on the construction manager (*see, Aragon v 233 W. 21st St.*, 201 AD2d 353; *see also, Tipaldi v Riverside Mem. Chapel*, 273 App Div 414, 419-420, *affd* 298 NY 686). However, in view of the absence of any evidence of the construction manager's direct supervision of the work in which plaintiff was engaged, or of any awareness on its part that appropriate scaffolds were not being used for such work, the finding that its share of responsibility for plaintiff's injuries was equal to those of the asbestos removal contractors, each of which directly supervised such work, is against the weight of the evidence. Accordingly, we set aside the judgment's apportionment of fault, and order a new trial to determine such apportionment.

The jury's finding that plaintiff was not provided with a scaffold appropriate for the work he had been instructed to perform was supported by testimony that, at the time of the accident, there was no scaffold on the floor where plaintiff was working, and rendered inapplicable the "recalcitrant worker" defense (*cf., e.g., Jastrzebski v North Shore School Dist.*, 223 AD2d 677, *affd* 88 NY2d 946). That a scaffold "may have been available somewhere else at the worksite is insufficient, as a matter of law, to permit defendant to escape liability" (*Garcia v 1122 E. 180th St. Corp.*, 250 AD2d 550, 551-552).

We have considered the parties' other contentions for affirmative relief and find them to be unpersuasive. Concur—Ellerin, P. J., Nardelli, Williams, Saxe and Friedman, JJ.