For the foregoing reasons, I concur with the majority's dismissal of the complaint.

■ JAMES J. WALKER et al., Plaintiffs, v TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA et al., Defendants. (And a Third-Party Action.) BOTTO MECHANICAL CORPORATION, INC., Second Third-Party Plaintiff-Appellant, v ROSENWACH TANK CO., INC.,

Second Third-Party Defendant-Respondent. [712 NYS2d 117] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 9, 1998, which denied the motion of defendant and second third-party plaintiff Botto Mechanical Corporation (Botto) to compel defendant and second third-party defendant Rosenwach Tank Company to pay in full the judgment against both Botto and Rosenwach entered May 20, 1998 after a trial of the underlying Labor Law action, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Although the relief sought in its order to show cause was inartfully drafted, the attorney's affirmation in support of Botto's motion to compel Rosenwach to pay the May 20, 1998 judgment, awarding defendants and third-party plaintiffs, the Trustees of the University of Pennsylvania and Humphreys and Harding, Inc. (hereinafter the Trustees) judgment over for full contractual indemnification against it and for full common-law indemnification against third-party defendant Rosenwach, nevertheless urged that "Botto is entitled to summary judgment over and against Rosenwach for common law indemnification and, since as a matter of law Botto was found not negligent, the Defendant, Rosenwach Tank Co., Inc., is now obligated to pay the aforesaid judgment." The IAS Court, therefore, erred in denying the motion, on the ground that "[t]he judgment does not provide that Rosenwach must indemnify Botto."

Although Botto never appealed from such judgment, inasmuch as it did not dispose of Botto's third-party claim for common-law indemnification against Rosenwach, Botto's post-judgment motion for such relief was clearly available and timely inasmuch as the six-year Statute of Limitations on its claim for common-law indemnification did not start running until it paid the Trustees the full amount of plaintiffs' judgment in September 1998.

As to the merits of Botto's claim, we previously held in Rosenwach's appeal from the May 20, 1998 judgment that the trial court properly granted the owner's and general contractor's (herein the Trustees) posttrial motion for common-law indemnification against plaintiff's employer, Rosenwach, upon a finding that they were not negligent and did not direct and control plaintiff's work whereas Rosenwach did (262 AD2d 175). Thus, inasmuch as there was also no finding of negligence on Botto's part, such finding implies that it exercised no supervision or control over plaintiff, and, accordingly, it is entitled to full common-law indemnification against Rosenwach (id.).

Concur—Nardelli, J. P., Rubin, Andrias, Buckley and Friedman, JJ.