■ MORGAN KEENA et al., Respondents, v GUCCI SHOPS, INC., Respondent, and GLENN PARTITION, INC., Appellant. [751 NYS2d 188] —Order, Supreme Court, New York County (Marcy Friedman, J.), entered on or about May 9, 2002, which, to the extent appealed from, granted plaintiff's cross motion to the extent of awarding plaintiff partial summary judgment upon his Labor Law § 240 (1) and § 241 (6) claims against defendant Gucci Shops, Inc., and granted the cross motion of defendant Gucci Shops, Inc. to the extent of awarding it summary judgment upon its cross claim for contractual indemnification as against defendant Glenn Partition, Inc., unanimously affirmed, without costs.

Summary judgment upon defendant owner Gucci's cross claim for contractual indemnification was proper. There is no question that plaintiff's injury occurred when the plank upon which he was walking, supplied by defendant Glenn Partition as part of its contractual undertaking to provide work site protection, gave way, and thus that, since Glenn agreed in its subcontract with the general contractor to indemnify Gucci, as owner, for "all claims * * * arising in whole or in part and in any manner" from Glenn's "acts, omissions, breach or default" in connection with "any work" performed by Glenn pursuant to the subcontract, Glenn was contractually obligated to indemnify Gucci against liability arising from plaintiff's claim (*see e.g. Velez v Tishman Foley Partners*, 245 AD2d 155). Contrary to Glenn's contention, the triggering of its contractual obligation to indemnify Gucci was not contingent upon proof that it had been negligent (*cf. Keohane v Littlepark House Corp.*, 290 AD2d 382; *Correia v Professional Data Mgt.*, 259 AD2d 60, 65).

Gucci's liability under Labor Law § 240 (1) was established as a matter of law by proof of its failure to provide safety devices adequate to prevent plaintiff's fall and consequent injury. While Glenn, as a party aggrieved by the Labor Law § 240 (1)

liability finding against Gucci, challenges the finding, urging that there is a triable issue of fact as to whether plaintiff's fall resulted solely from his own conduct in electing to walk across the plank without first replacing the plank's plywood cover, no evidence to support this theory of the accident's occurrence was presented in opposition to plaintiff's cross motion and, accordingly, no issue of fact was raised (*see Kyle v City of New York*, 268 AD2d 192, *lv denied* 97 NY2d 608).

Summary judgment as to liability was also properly granted upon plaintiff's Labor Law § 241 (6) claim against Gucci. Although the affirmative defense of comparative negligence was validly raised, evidentiary proof sufficient to raise a triable issue was not submitted in response to plaintiff's prima facie demonstration of entitlement to judgment as a matter of law (*see Uluturk v City of New York*, 298 AD2d 233). Concur—Nardelli, J.P., Tom, Mazzarelli, Buckley and Ellerin, JJ.