KIHM E. BROWN, Respondent, v CIMINELLI-COWPER, INC., Appellant. [770 NYS2d 260]—

Appeal from that part of an order of Supreme Court, Chautauqua County (Gerace, J.), entered October 22, 2002, that denied that part of defendant's motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the

Labor Law § 241 (6) cause of action. Defendant failed to establish as a matter of law that plaintiff's fall from a scissor lift does not give rise to liability under that section. This Court has previously determined that a scissor lift is "a device that is 'functionally similar' to a scaffold" (*Primavera v Benderson Family 1968 Trust*, 294 AD2d 923, 924 [2002]), and thus we conclude that the scissor lift is within the purview of 12 NYCRR 23-1.7 (d). We further conclude that, although defendant established that it did not supervise or control the work performed by contractors at the work site, plaintiff raised an issue of fact whether defendant's practice of directing contractors to correct safety concerns at the work site rendered defendant an agent of the owner within the meaning of Labor Law § 241 (6) (*see generally Ortega v Catamount Constr. Corp.*, 264 AD2d 323, 323-324 [1999], *lv denied* 94 NY2d 755 [1999]). Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.