(February 8, 2005)

■ Anthony Landgraff et al., Appellants, v 1579 Bronx River Avenue, LLC, et al., Defendants, and 1575 Bronx River

Avenue, LLC, et al., Respondents-Appellants. 1575 Bronx River Avenue, LLC, Third-Party Plaintiff-Appellant, v J.H. Loewy, Inc., Third-Party Defendant-Respondent. [790 NYS2d 5]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered January 14, 2004, which, to the extent appealed and cross-appealed from and as limited by the briefs, denied plaintiffs' motion for partial summary judgment as to liability pursuant to Labor Law § 240 (1), denied defendant 1575 Bronx River Avenue, LLC's cross motion for contractual indemnification against third-party defendant J.H. Loewy, Inc. and for common-law indemnification against defendant LSK Smoked Turkey Products, Inc., and denied LSK Smoked Turkey Products, Inc.'s cross motion for contractual indemnification against third-party defendant J.H. Loewy, Inc., unanimously reversed, on the law, without costs, plaintiffs' motion granted, 1575 Bronx River Avenue, LLC's cross motion against J.H. Loewy, Inc. and LSK Smoked Turkey Products, Inc. granted, LSK Smoked Turkey Products, Inc.'s cross motion against J.H. Loewy, Inc., granted, and the matter remanded for further proceedings.

This personal injury action arises from allegations that plaintiff Anthony Landgraff sustained injuries in the course of his employment with J.H. Loewy, Inc., a plumbing subcontractor, while removing an old sprinkler system at premises owned by 1575 Bronx River Avenue, LLC (owner) and renovated by

LSK Smoked Turkey Products, Inc. (tenant). Specifically, the injured plaintiff's accident occurred while he was atop a scaffold to cut and remove a length of elevated metal pipe with an electric saw. The pipe fell and swung against the scaffold, causing it to flip over and the trapped worker to fall, hitting the cement floor face first.

Labor Law § 240 (1) imposes absolute liability upon owners, contractors or their agents for failing to furnish or erect safety devices that are necessary to protect workers from injuries proximately related to the lack of these devices (*see Bland v Manocherian*, 66 NY2d 452 [1985]). The record supports plaintiffs' contention that they are entitled to summary judgment as to liability. The scaffold from which the injured plaintiff fell was owned by Loewy and assembled by its employees. In addition, the record supports a finding that the scaffolding was too small and light and did not provide proper protection to this plaintiff while he was working (*see McCann v Central Synagogue*, 280 AD2d 298 [2001]). The worker was thus exposed to an "elevation-related risk" arising from the inadequacy of the protective device with which he had been supplied (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514 [1991]). Further, he was not furnished with any safety devices such as slings, pulleys or safety belts, which could have prevented his fall (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). The recalcitrant worker defense is thus not applicable as it is limited to circumstances where a worker is injured as a result of his/her refusal to use available safety devices (*see Hagins v State of New York*, 81 NY2d 921 [1993]; *Balthazar v Full Circle Constr. Corp.*, 268 AD2d 96 [2000]). Finally, the record does not support a finding that this plaintiff was the sole proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]; *Montalvo v Petrocelli Constr.*, 8 AD3d 173 [2004]).

The injured plaintiff's employer and Venice Construction, Inc., the general contractor, entered into a subcontract that required the employer to purchase commercial general liability coverage. The certificate of insurance on this coverage names 1575 Bronx River Avenue, LLC as an additional insured. In addition, the record is devoid of any proof that the owner was negligent. Accordingly, the Supreme Court should have granted the owner summary judgment on its claim of contractual indemnification against plaintiff's employer (*see De La Rosa v Philip Morris Mgt. Corp.*, 303 AD2d 190 [2003]; *Keena v Gucci Shops*, 300 AD2d 82 [2002]).

The subcontract between Venice and the employer designates

the tenant as "owner" and contains a provision for indemnification of the "owner." As the record is devoid of any evidence of negligence on the tenant's part in the happening of this accident, the tenant is entitled to contractual indemnification from Loewy (*see Uluturk v City of New York*, 298 AD2d 233 [2002]). Moreover, the indemnity provision at issue does not run afoul of General Obligations Law § 5-322.1, since it authorizes indemnification "[t]o the fullest extent permitted by law" (*see Dutton v Charles Pankow Bldrs.*, 296 AD2d 321 [2002], *lv denied* 99 NY2d 511 [2003]).

The owner is also entitled to common-law indemnification from the tenant. Regardless of whether the tenant was an active tortfeasor (*see Kelly v Diesel Constr. Div.*, 35 NY2d 1 [1974]), the owner did not exercise any actual control or supervision of the work. Rather, the owner leased the premises to the tenant, which, in turn, hired a general contractor to control and supervise the renovation (*cf. Ortega v Catamount Constr. Corp.*, 264 AD2d 323 [1999], *lv denied* 94 NY2d 755 [1999]).

The owner claims, for the first time on appeal, that it is entitled to common-law indemnification from Loewy and contractual indemnification against the tenant. The owner's failure to raise these claims in its cross motion does not bar our review where, as here, new facts are not alleged, but rather new legal arguments are raised which did appear on the face of the record and could not have been avoided if they had been brought to the parties' attention at the proper juncture (*see Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]).

The owner's right to common-law indemnification against the injured plaintiff's employer rests upon a finding that this plaintiff sustained a grave injury as defined by Workers' Compensation Law § 11. The record is totally inadequate to establish whether he sustained a grave injury, especially in light of the recent clarification of this term by the Court of Appeals (*see Rubeis v Aqua Club*, 3 NY3d 408 [2004]). We note that the Supreme Court properly determined there were questions of fact as to whether this plaintiff sustained a grave injury, not in the context of the owner's present request for relief on appeal, but rather, on the employer's motion for summary judgment on the ground that the employee did not sustain a grave injury, the denial of which is not at issue on appeal. In any event, we find the record insufficient to grant the owner common-law indemnification from the injured plaintiff's employer.

Finally, the owner argues also for the first time on appeal that it is entitled to contractual indemnification against the ten-

ant. While the absence of a writing entered into prior to the date of the accident does not necessarily preclude a finding that the parties intended coverage as of that date (*see Podhaskie v Seventh Chelsea Assoc.*, 3 AD3d 361 [2004]), here the record fails to support the owner's belated request for summary disposition of this question. Given the lack of documentary evidence, any outcome would rest largely on the parties' respective intentions, which simply raises questions of fact inappropriate for summary disposition.

Accordingly, we decline to grant summary judgment in favor of 1575 Bronx River Avenue, LLC against J.H. Loewy, Inc. on the issue of common-law indemnification and against LSK Smoked Turkey Products, Inc. on the issue of contractual indemnification. Concur—Tom, J.P., Saxe, Marlow, Williams and Sweeny, JJ.