■ ANTHONY LANDGRAFF et al., Appellants, v 1579 BRONX RIVER AVENUE, LLC, et al., Defendants, and 1575 BRONX RIVER AVENUE, LLC, et al., Respondents-Appellants. 1575 BRONX RIVER AVENUE, LLC, Third-Party Plaintiff-Appellant, v J.H. LOEWY, INC., Third-Party Defendant-Respondent. [796 NYS2d 58]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered January 14, 2004, which, to the extent appealed and cross-appealed from and as limited by the briefs, denied plaintiffs' motion for partial summary judgment as to liability pursuant to Labor Law § 240 (1), denied defendant 1575 Bronx River Avenue, LLC's cross motion for contractual indemnification against third-party defendant J.H. Loewy, Inc. and for common-law indemnification against defendant LSK Smoked Turkey Products, Inc., and denied LSK Smoked Turkey Products, Inc.'s cross motion for contractual indemnification against third-party defendant J.H. Loewy, Inc., unanimously modified, on the law, plaintiffs' motion granted, 1575 Bronx River Avenue, LLC's cross motion against J.H. Loewy, Inc. granted, LSK Smoked Turkey Products, Inc.'s cross motion against J.H. Loewy, Inc. granted, and otherwise affirmed, without costs, and the matter remanded for further proceedings.

This personal injury action arises from allegations that plaintiff Anthony Landgraff sustained injuries in the course of his employment with J.H. Loewy, Inc., a plumbing subcontractor, while removing an old sprinkler system at premises owned

by 1575 Bronx River Avenue, LLC (owner) and renovated by LSK Smoked Turkey Products, Inc. (tenant). Specifically, the injured plaintiff's accident occurred while he was atop a scaffold to cut and remove a length of elevated metal pipe with an electric saw. The pipe fell and swung against the scaffold, causing it to flip over and the trapped worker to fall, hitting the cement floor face first.

Labor Law § 240 (1) imposes absolute liability upon owners, contractors or their agents for worker injuries proximately caused by a failure on their part to furnish or erect certain safety devices (*see Bland v Manocherian*, 66 NY2d 452, 459 [1985]). The record supports plaintiffs' contention that they are entitled to summary judgment as to liability. The scaffold from which the injured plaintiff fell was owned by Loewy and assembled by its employees. In addition, the record supports a finding that the scaffolding was too small and light and did not provide proper protection to this plaintiff while he was working (*see McCann v Central Synagogue*, 280 AD2d 298 [2001]). The worker was thus exposed to an elevation-related risk arising from the inadequacy of the protective device with which he had been supplied (*see Rocovich v Consolidated Edison Co.*, 78 NY2d 509 [1991]). Further, he was not furnished with any safety devices such as slings, pulleys or safety belts, which could have prevented his fall. The recalcitrant worker defense is thus not applicable as it is limited to circumstances where a worker is injured as a result of his/her refusal to use available safety devices (*see Hagins v State of New York*, 81 NY2d 921 [1993]; *Balthazar v Full Circle Constr. Corp.*, 268 AD2d 96, 99 [2000]). Finally, the record does not support a finding that plaintiff was the sole proximate cause of his injuries (*cf. Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]; *see Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [2004]).

The injured plaintiff's employer and Venice Construction, Inc., the general contractor, entered into a subcontract that required the employer to purchase commercial general liability coverage. The certificate of insurance on this coverage names 1575 Bronx River Avenue, LLC as an additional insured. In addition, the record is devoid of any proof that the owner was negligent. Accordingly, the Supreme Court should have granted the owner summary judgment on its claim of contractual indemnification against plaintiff's employer (*see De La Rosa v Philip Morris Mgt. Corp.*, 303 AD2d 190, 193 [2003]; *Keena v Gucci Shops, Inc.*, 300 AD2d 82 [2002]).

The subcontract between Venice and the employer designates the tenant as "owner" and contains a provision for indemnifica-

tion of the "owner." As the record is devoid of any evidence of negligence on the tenant's part in the happening of this accident, the tenant is entitled to contractual indemnification from Loewy (*see Uluturk v City of New York*, 298 AD2d 233 [2002]). Moreover, the indemnity provision at issue does not run afoul of General Obligations Law § 5-322.1, since it authorizes indemnification "[t]o the fullest extent permitted by law" (*see Dutton v Charles Pankow Bldrs., Ltd.*, 296 AD2d 321 [2002], *lv denied* 99 NY2d 511 [2003]).

The owner is not entitled to common-law indemnification from the tenant as tenant was not an active tortfeasor and did not exercise any actual control or supervision of the work (*see Walker v Trustees of Univ. of Pa.*, 275 AD2d 266 [2000]).

The owner's remaining contentions that it is entitled to common-law indemnification from Loewy and contractual indemnification against the tenant are improperly raised for the first time on appeal, and we decline to consider them (*see Kent v Papert Cos., Inc.*, 289 AD2d 127 [2001]). Concur—Tom, J.P., Saxe, Marlow, Williams and Sweeny, JJ.

Reargument granted and upon reargument, the decision and order of this Court entered herein on February 8, 2005 (15 AD3d 200 [2005]) is hereby recalled and vacated and a new decision and order substituted therefor.