Valbuena v 650 Madison Ave. Owner, LLC (2021 NY Slip Op 00820)





Valbuena v 650 Madison Ave. Owner, LLC


2021 NY Slip Op 00820


Decided on February 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 09, 2021

Before: Manzanet-Daniels, J.P., Gische, González, Shulman, JJ. 


Index No. 156064/15 Appeal No. 13094 Case No. 2020-01448 

[*1]German Valbuena et al. Plaintiffs,
v
650 Madison Avenue Owner, LLC, et al., Defendants-Appellants-Respondents, Americon Construction, Inc., Defendant-Respondent-Appellant, Vornardo Office Management, LLC, Defendant.


Nicoletti Spinner Ryan Gulino Pinter LLP, New York (Kevin M. Ryan of counsel), for appellants-respondents.
Havkins Rosenfeld Ritzert, LLP, Mineola (Gail L. Ritzert of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered June 21, 2019, which, insofar as appealed from as limited by the briefs, denied the motion of defendant 650 Madison Avenue Owner, LLC (Owner) and 650 Madison Office Manager, LLC for summary judgment on their contractual indemnification cross claim against defendant Americon Construction, Inc. (Americon), unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff testified that he cleaned and removed paint chips from the upper half of a window on the 25th floor of Owner's building while standing on a radiator, and then attempted to descend to the floor to clean the lower half of the window when he tripped on duct tape on the radiator and fell to the floor. He was employed by a nonparty company directly retained by Owner, and his work was specifically excluded from the scope of Americon's work pursuant to its separate contract with Owner. However, the accident triggered the indemnification provision of the Americon contract, which requires indemnification for alleged personal injuries "which arise out of or are connected with, or are claimed to arise out of or be connected with . . . [a]ny accident or occurrence which happens, or is alleged to have happened, in or about the place where such Work is being performed or in the vicinity thereof . . . while any of [Americon]'s or subcontractor's (of any tier) property [or] equipment . . . are in or about such place or the vicinity thereof, provided the foregoing arise or result from the performance of the Work." The record established that materials belonging to Americon or its subcontractors were at least allegedly present in the area where plaintiff fell, and that Americon's construction in that area was not completed as of the day of the accident.
We have considered and reject Americon's arguments to the contrary. Among other things, the indemnification provision is not limited to Americon's negligence or fault thereof (see Keena v Gucci Shops, 300 AD2d 82, 82 [1st Dept 2002]), and is not barred by any negligence on the part of plaintiff or his employer (see Urbina v 26 Ct. St.
Assoc., LLC, 46 AD3d 268, 274 [1st Dept 2007]). Furthermore, the anti-subrogation rule does not apply here.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2021