Lemache v Elk Manhasset LLC (2023 NY Slip Op 06810)

Lemache v Elk Manhasset LLC

2023 NY Slip Op 06810

Decided on December 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 28, 2023

Before: Manzanet-Daniels, J.P., Webber, Friedman, Shulman, Rosado, JJ. 

Index No. 21827/19 Appeal No. 1333 Case No. 2023-02424 

[*1]Juan Lemache et al, Plaintiffs-Respondents,
v
Elk Manhasset LLC, Defendant-Appellant.
Elk Manhasset LLC, Third-Party Plaintiff-Appellant,
v
Anchor Contracting NY, Corp., Third-Party Defendant-Respondent.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Hogan & Cassell, LLP, Jericho (Michael Cassell of counsel), for Juan Lemache and Segungo Lluilema, respondents.
Law Office of Linda A. Stark, New York (Linda A. Stark of counsel), for Anchor Contracting NY, Corp., respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered April 14, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion for partial summary judgment on their Labor Law §§ 240(1) and 241(6) claims against defendant/third-party plaintiff (Elk), granted third-party defendant's (Anchor) motion for summary judgment dismissing Elk's third-party complaint, and denied Elk's motion for summary judgment dismissing plaintiffs' complaint and for summary judgment on its third-party claims against Anchor for common-law and contractual indemnification and breach of contract, unanimously modified, on the law, to dismiss plaintiffs' Labor Law § 241(6) claim as academic, to grant Elk's motion to the extent of granting Elk summary judgment as to liability on its third-party claims against Anchor for contractual indemnification and for breach of contract, and summary judgment dismissing plaintiffs' claims for common-law negligence and under Labor Law § 200 as abandoned, and to deny Anchor's motion, and otherwise affirmed, without costs.
Plaintiffs were standing atop a ladder-scaffold performing stucco work on the faÇade of a building Elk owned when the scaffold suddenly collapsed without warning and plaintiffs fell approximately 15 feet to the ground. Plaintiffs were not wearing fall-arrest safety devices at the time as the evidence indicated there were no "tie-off" locations that plaintiffs knew about. The equipment was owned by plaintiffs' employer, and plaintiffs received their instructions regarding the manner and methods of their work solely from their employer. On the basis of this information, plaintiffs established prima facie entitlement to partial summary judgment on their Labor Law § 240(1) claim (see e.g. Kind v 1177 Ave. of the Ams. Acquisitions, LLC, 168 AD3d 408 [1st Dept 2019]; Aburto v City of New York, 94 AD3d 640 [1st Dept 2012]).
Elk failed to raise a triable issue as to plaintiffs' purported recalcitrance in not utilizing appropriate safety equipment as there was no evidence that plaintiffs "deliberately refused to obey a direct and immediate instruction to use an available safety device or a standing order to not stand on the edge of the bathtub so as to invoke the recalcitrant worker defense" (Vitucci v Durst Pyramid LLC, 205 AD3d 441, 444 [1st Dept 2022]). Moreover, "a worker cannot be faulted for failing to use safety devices or instrumentalities that cannot be effectively used at a worksite" (Vitucci, 205 AD3d at 443). Elk's argument that plaintiffs were the sole proximate cause of their injuries because they did not, inter alia, erect the scaffold properly using rope to fasten the ladders to the scaffold so as to stabilize the apparatus is unavailing. There was no evidence that plaintiffs disregarded a direct and immediate order on the manner in which to construct the scaffold, and the statutory obligation to provide safe equipment rested with the owner in this case (see generally Landgraff [*2]v 1579 Bronx Riv. Ave., LLC, 18 AD3d 385 [1st Dept 2005]). "[I]f a violation of Labor law § 240(1) is a proximate cause of an injury, the plaintiff cannot be solely to blame for it" (Quiroz v Memorial Hosp. for Cancer & Allied Diseases, 202 AD3d 601, 604 [1st Dept 2022]).
Inasmuch as the court properly granted plaintiffs' motion for summary judgment on the § 240(1) claim, we need not address the issues concerning the Labor Law § 241(6) claim.
Elk should have been granted summary judgment on its claim against Anchor, the contractor that employed plaintiffs, for contractual indemnification. The parties' agreement relating to this job required Anchor,
"to the fullest extent permitted by law, [to] defend, indemnify and hold [Elk] . . . harmless from and against any and all claims, loss (including attorneys' fees, witnesses' fees and all court costs), damages, expense and liability (including statutory liability), resulting from injury and/or death of any person . . . arising out of any negligence or wrongful act, error, omission, breach of any statute, code or rule or breach of contract, in connection with the operations of [Anchor] . . . The foregoing indemnity shall include injury or death of any employee of [Anchor]."
Elk's moving papers made out a prima facie case that this was a valid and enforceable indemnification agreement at the time of the accident, that plaintiffs' injuries arose out of Anchor's operations, and that Elk was not at fault for plaintiffs' injuries because, as owner, it did not control or supervise their work or provide any tools or equipment for the work. Anchor's opposition failed to raise a triable issue as to the authenticity of the agreement, as to the unconscionability of the agreement's provision for indemnification, or as to Elk's lack of fault. Moreover, the indemnification agreement complies with General Obligations Law § 5-322.1 by providing for indemnification "to the fullest extent permitted by the law," which excludes indemnification for Elk's own negligence. Since we are granting Elk summary judgment on its claim for contractual indemnification, the claim for common-law indemnification is rendered academic and need not be addressed.
Elk also should have been granted summary judgment on its third-party claim against Anchor for breach of contract. Elk's moving papers established prima facie that Anchor failed to purchase a commercial general liability insurance policy naming Elk as an additional insured, as required by the parties' agreement. Anchor, in opposition, failed to a raise a triable issue in this regard. We note that, contrary to Anchor's arguments, an agreement between two sophisticated parties of this kind, allocating the
risks of a project to insurance to be purchased by one of the parties, is not unconscionable (see Great N. Ins. Co. v Interior Constr. Corp., 7 NY3d 412, 419 [2006]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.[*3]
ENTERED: December 28, 2023