Agard v Port Auth. of N.Y. & N.J. (2024 NY Slip Op 02364)

Agard v Port Auth. of N.Y. & N.J.

2024 NY Slip Op 02364

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Webber, J.P., Oing, Rodriguez, Higgitt, Michael, JJ. 

Index No. 152913/19, 595959/19 Appeal No. 2191-2192-2193 & M-1279 Case No. 2022-04966, 2022-05746, 2023-00346 

[*1]Alan Agard, Plaintiff-Respondent,
v
The Port Authority Of New York and New Jersey, et al., Defendants-Respondents-Appellants.
The Port Authority Of New York and New Jersey, et al., Third-Party Plaintiffs-Respondents-Appellants,
v
Island Diversified, Inc., Third-Party Defendant-Appellant-Respondent, Hi Tech Data Floors Inc., et al., Third-Party Defendants-Respondents.

Kahana & Feld LLP, New York (John F. Watkins of counsel), for appellant-respondent.
Barry McTiernan & Moore LLC, New York (Allyson A. Synder of counsel), for respondents-appellants.
Ondrovic & Platek, PLLC, White Plains (Karen A. Ondrovic of counsel), for HI Tech Data Floors Inc., respondent.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for Consolidated Carpet Workroom, LLC, respondent.

Order, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about October 25, 2022, which, inter alia, granted third-party defendants Hi Tech Data Floors Inc. and Consolidated Carpet Workroom, LLC's motions for summary judgment dismissing the third-party contractual and common-law indemnification and contribution claims of defendants/third-party plaintiffs The Port Authority of New York and New Jersey, Structure Tone LLC and Spotify USA Inc. (defendants), unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 24, 2023, which granted Structure Tone's motion to the extent of granting it conditional summary judgment against third-party defendant Island Diversified, Inc. (Island) on its contractual indemnification claim, unanimously affirmed, without costs.
The motion court correctly found that plaintiff's accident was not in connection with Hi-Tech or Consolidated Carpet's work and thus the indemnity provisions in the subcontracts with each were not triggered (see Vasquez v City of New York, 200 AD3d 482, 484 [1st Dept 2021]). Defendants did not proffer any evidence that either Hi-Tech or Consolidated Carpet were negligent such to support defendants' claims of common-law indemnity and contribution. Defendant Structure Tone's project supervisor testified that Hi-Tech's and Consolidated Carpet's work would be inspected by Structure Tone prior to their leaving the floor and they would not be permitted to do so unless all holes in the raised floors were properly covered. The accident, which occurred when plaintiff's scaffold wheel fell through Masonite covering into an uncovered hole, occurred two weeks after Hi Tech and Consolidated Carpet left the floor.
The court also correctly found that the accident occurred in connection with Island's work in that plaintiff was performing work under Island's contract with Structure Tone at the time of his accident (compare Wilk v Columbia Univ., 150 AD3d 502, 503 [1st Dept 2017]; Keena v Gucci Shops, 300 AD2d 82, 82 [1st Dept 2002]). Island's argument that the court's grant of conditional contractual indemnity against it and in favor of Structure Tone is inappropriate because there is evidence that Structure Tone was the sole proximate cause of the accident, is unpersuasive (compare Devlin v AECOM, 224 AD3d 437 [1st Dept 2024]; Quiroz v New York Presbyterian/Columbia Univ. Med. Ctr., 202 AD3d 555, 557 [1st Dept 2022]). While there is evidence that Structure Tone may have been negligent, there is also evidence from which a jury might find negligence on the part of Island, in light of the fact that the scaffold also collapsed. Thus, it is for a jury to apportion fault, if any, between defendants and Island.
M-1279 - Alan Agard v The Port Auth. of N.Y. & N.J., et al. Motion to strike defendants' reply brief, denied. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024