Sandoval v 201 W. 16 Owners Corp. (2024 NY Slip Op 04932)

Sandoval v 201 W. 16 Owners Corp.

2024 NY Slip Op 04932

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Index No. 31594/18, 43154/19, 43417/19, 43422/19 Appeal No. 2736 Case No. 2023-03560 

[*1]Bayron Sandoval et al., Plaintiffs-Respondents,
v
201 West 16 Owners Corp., Defendant-Appellant.

201 West 16 Owners Corp., Third-Party Plaintiff-Appellant,
v
Edras Group Corp., Third-Party Defendant-Respondent. [And Other Third-Party Actions] Index Nos.

Salter & Ingrao, P.C., Mineola (Corey Pugliese of counsel), for appellant.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for Bayron Sandoval and Vanessa Castillo, respondents.
McMahon, Martine & Gallagher, LLP, Brooklyn (Patrick W. Brophy of counsel), for Edras Group Corp., respondent.

Order, Supreme Court Bronx County (Lucindo Suarez, J.), entered June 2, 2023, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the Labor Law § 240(1) claim and on its claims for contractual indemnification and breach of contract for failure to procure insurance against third-party defendant Edras Group Corp., and granted plaintiffs' cross-motion for partial summary judgment on the Labor Law § 240(1) claim, unanimously modified, on the law, to grant defendant's motion for summary judgment on the contractual indemnification claim, and otherwise affirmed, without costs.
The court correctly found that plaintiffs established prima facie entitlement to judgment on the Labor Law § 240(1) claim and that defendant failed to raise an issue of fact, because the ropes plaintiff was using with his coworker "proved inadequate to prevent [a stone] from falling" and causing plaintiff's injuries (Mayorga v 75 Plaza LLC, 191 AD3d 606, 607 [1st Dept 2021], appeal dismissed 37 NY3d 962 [2021]). We reject defendant's argument that the accident was caused by plaintiff's coworker's purported negligence, "as people are not safety devices within the meaning of Labor Law § 240 (1)" (Iuculano v City of New York, 214 AD3d 535, 536 [1st Dept 2023]). Nor was the coworker's purported negligence a superseding cause (see e.g. Gallegos v Bridge Land Vestry, LLC, 188 AD3d 566, 567 [1st Dept 2020]). Defendant's arguments that Labor Law § 240(1) does not apply because plaintiff did not fall and was not struck by a falling object are unavailing (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603-604 [2009]).
Defendant has demonstrated its entitlement to summary judgment on its claim for contractual indemnification based on Article 21.6(d)(i)(C) of defendant's contract with Edras, which contemplates indemnification for a situation such as here, where plaintiff's injury occurred in the course of his employment (see e.g. Lemache v Elk Manhasset LLC, 222 AD3d 591, 593[1st Dept 2023]). Edras's argument that Article 21.6(d) and Article 9.12 contradict each other is unavailing; Article 21.6(d) begins by acknowledging Article 9.12 and proceeds to list additional situations in which Edras is required to indemnify defendant. Contrary to Edras's argument, defendant established its freedom from negligence based on the undisputed evidence that defendant had no role in directing the work.
The court properly found that defendant failed to make a prima facie showing that Edras did not procure the insurance required by the parties' contract (see generally Benedetto v Hyatt Corp., 203 AD3d 505, 506 [1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024