■ JOAO ANTUNES et al., Respondents, v 950 PARK AVENUE CORP., Appellant and Third-Party Plaintiff-Respondent-Appellant. ISSEKS BROS., INC., Third-Party Defendant-Appellant-Respondent.—Order, Supreme Court, New York County (Andrew R. Tyler, J.), entered June 15, 1988, which granted the motion of defendant and third-party plaintiff 950 Park Avenue Corp. (950 Park) for reargument and, upon reargument, adhered to its prior decision, dated February 5, 1988, granting plaintiffs partial summary judgment as to liability against 950 Park, granting 950 Park's cross motion for summary judgment against third-party defendant, Isseks Bros., Inc., solely as to contribution or reimbursement and directing a trial on the issues of damages and apportionment of liability, unanimously reversed to the extent appealed, on the law, and both the motion and cross motion are denied, without costs. The appeal from the order of the same court, entered April 6, 1988, is dismissed as superseded by the appeal from the subsequent order, without costs.

Plaintiffs seek to recover for personal injuries sustained by Joao Antunes, an employee of third-party defendant, Isseks Bros., Inc., on August 25, 1986, when he fell from a ladder onto the roof of defendant's building at 950 Park Avenue while painting the water tower there. The verified complaint and bill of particulars essentially allege that the ladder slipped out from under plaintiff because it was placed on an unsafe surface, namely, a plastic drop cloth used to cover the roof. In support of plaintiffs' motion for summary judgment, the only evidence regarding the accident itself was plaintiff's affidavit in which he stated that he was working approximately 15 to 20 feet above the roof on the ladder; that the ladder slipped out from under him and fell to the ground; and that the ladder was positioned on drop cloths because he and his co-worker were instructed that the building owners did not want the roof to become covered with paint. An unsworn statement by his co-worker merely stated that the base of plaintiff's ladder rested on the plastic drop cloth which covered the roof; that he heard a crashing sound; heard plaintiff

yell his name; and, that, after he descended his own ladder, he saw plaintiff lying on his back on the plastic drop cloth covered with red lead paint and in terrible pain. The building superintendent, in an affidavit, stated that the ladder in question was owned by Isseks Bros. and that when he inspected the roof after the accident, he did not see a drop cloth.

The IAS court granted plaintiffs partial summary judgment as to liability and directed a trial on the issue of damages, finding that defendants are absolutely liable pursuant to Labor Law § 240 (1) where, as here, the violation of the duty owed him was the proximate cause of his injuries.

However, unlike cases involving broken ladders or collapsing scaffoldings, where the break or collapse by itself is sufficient to establish a prima facie case of violation of section 240, since it is unlikely that the scaffolding would collapse or the ladder break if properly constructed *(see, Alston v Golub Corp.,* 129 AD2d 916; *Braun v Dormitory Auth.,* 118 AD2d 614; *Harmon v Sager,* 106 AD2d 704; *Weaver v Lazarus,* 93 AD2d 859), there is nothing in the present record to indicate that the ladder was not "so constructed, placed and operated as to give proper protection" (Labor Law § 240 [1]). Nor does the record indicate whether such defect, if any, caused the accident. Both such showings are required to recover under section 240. Since plaintiff was the only person to have witnessed the accident, whether he fell from the ladder, within the scope of Labor Law § 240, is a triable issue of fact. *(Parsolano v County of Nassau,* 93 AD2d 815, 817.) " '[S]ummary judgment should not be granted if the facts upon which the motion is predicated are exclusively within the knowledge of the moving party or clearly not within the knowledge of the opponent' ". *(Supra,* at 817, quoting *Crocker-Citizens Natl. Bank v L. N. Mag. Distribs.,* 26 AD2d 667.) Concur—Kupferman, J. P., Sullivan, Ross, Kassal and Rosenberger, JJ.