■ PATRICK MANNA, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants, and CITY OF NEW YORK, Respondent. NEW YORK CITY HOUSING AUTHORITY, Third-Party Plaintiff-Appellant, v LOWER EAST SIDE II TURNKEY PARTNERSHIP et al., Third-Party Defendants-Appellants. CITY OF NEW YORK, Second Third-Party Plaintiff-Respondent, and LOWER EAST SIDE II TURNKEY PARTNERSHIP et al., Second Third-Party Plaintiffs-Appellants, v J. BARANELLO & SONS, INC., Second Third-Party Defendant-Appellant. [627 NYS2d 43] —Order, Supreme Court, New York County (Walter B. Tolub, J.), entered on or about February 22, 1994, which, *inter alia,* granted plaintiff's motion for partial summary judgment against defendants Lower East Side II Turnkey Partnership and Baranello & Sons, Inc. on the issue of liability and denied Turnkey's motion to compel a neuro-psychiatric examination of plaintiff, unanimously modified, on the law, to the extent of denying plaintiff's motion for partial summary judgment and, except as thus modified, affirmed, without costs or disbursements.

Plaintiff, a worker at a construction site, was struck in the head by a cinder block and other debris which, he contends, was thrown from a third-floor window by a co-worker, "Brian", who, as matters developed, has never been found. In fact, plaintiff's employer alleges that he never had an employee named Brian. It is uncontroverted that no nets or safety devices were in place at the time of the accident although debris chutes were located elsewhere at the jobsite. On the other hand, no broken pieces of cinder block were found although plaintiff was cut on the head. In such circumstances, partial summary judgment on liability in this Labor Law § 240 (1) action should have been denied. There is no witness

to the accident other than plaintiff. As we have noted, where the manner of the happening of the accident is within the exclusive knowledge of the plaintiff, an award of summary judgment on liability is inappropriate because the defendant should have the opportunity to subject the plaintiff's testimonial account to cross-examination and have his credibility determined by the trier of fact *(Antunes v 950 Park Ave. Corp.,* 149 AD2d 332). On this record, there is, at the very least, a question of fact as to how the accident occurred.

The IAS Court properly denied the motion to compel an additional neuro-psychiatric examination of plaintiff. In so ruling, the court was only holding the parties to their written stipulation with regard to said examination. Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Asch, JJ.