■ SAMUEL J. NOAH, Respondent, v 270 LAFAYETTE ASSOCIATES, L.P., et al., Appellants, et al., Defendant. 270 LAFAYETTE ASSOCIATES, L.P., et al., Third-Party Plaintiffs-Appellants, v JAN E. FERRI, Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [649 NYS2d 419] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered February 29, 1996, which, *inter alia*, granted plaintiff's motion for partial summary judgment against defendant 270 Lafayette Associates, denied defendants 270 Lafayette Associates and Fred Deutsch, Inc. summary judgment against third-party defendant Ferri and denied defendant Harsco Corporation's cross motion for summary judgment dismissing the complaint and cross-claims as against it, unanimously modified, on the law, to the extent of granting defendant Harsco Corporation's motion to the extent it sought to dismiss that portion of the complaint alleging liability under Labor Law §§ 200, 240 (1) and § 241, and otherwise affirmed, without costs.

In this scaffolding case brought under Labor Law §§ 200, 240 and 241, the IAS Court properly granted summary judgment in favor of plaintiff against the owner of the premises on which he was injured. Plaintiff's testimony that the plywood platform upon which he stood collapsed, causing him to fall and sustain injury, was by itself sufficient to establish a prima facie case of violation of section 240 (1) (*see, Antunes v 950 Park Ave. Corp.*, 149 AD2d 332, 333). That plaintiff was the only witness to the accident did not preclude summary judgment since his testimony concerning the manner in which the accident occurred is neither inconsistent with his own account provided earlier nor contradicted by other evidence (*Klein v City of New York*, 222 AD2d 351, 352, *appeal withdrawn* 88 NY2d 843).

Summary judgment was properly denied to the landlord, 270 Lafayette Associates, L.P., against the tenant, third-party defendant Ferri, since triable issues of fact exist as to whether the landlord had purchased insurance covering the claim asserted, potentially relegating it to recovering only the cost of such insurance (*see, Wallen v Polo Grounds Bar & Grill,* 198 AD2d 19), rather than the entire amount of a judgment against it, up to the limit set forth in the lease (*see, Morel v City of New York,* 192 AD2d 428).

As a seller and/or supplier of the allegedly defective scaffold, Harsco cannot be liable to plaintiff under the Labor Law, and accordingly the IAS Court should have granted summary judgment in its favor dismissing that portion of the complaint.

We have considered appellants' other contentions and find them to be without merit. Concur—Murphy, P. J., Milonas, Kupferman, Ross and Mazzarelli, JJ.