■ STANLEY WENDER et al., Appellants, v RELIANCE FEDERAL SAVINGS BANK, Respondent. [654 NYS2d 586] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Collins, J.), dated January 23, 1995, which denied their motion for partial summary judgment on the second cause of action asserted in the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's cross motion for summary judgment, and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

On January 6, 1993, the plaintiff Stanley Wender, in the course of his employment, was repairing a leaky window in a two-story condominium unit located at 232 Augusta Court, North Hills, New York, and owned by the defendant, a bank which had obtained title to the condominium pursuant to a settlement of its claims against the former owners based on loans in default. Wender was using what his attorney described as "half of a 32-foot aluminum extension ladder [placed] upside down with the articulating feet [at] the top". The bottom portion of the upside-down ladder was "placed on the asphalt ground against Belgian blocks to prevent [it] from sliding". Mr. Wender allegedly suffered "debilitating and permanent injuries" after the ladder slipped causing him to fall.

The plaintiffs moved for partial summary judgment on their second cause of action, which alleged that the defendant's failure to "furnish or erect * * * scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices required to give proper protection" was a proximate cause of the injuries suffered by the plaintiff Stanley Wender. The defendant cross-moved for summary judgment dismissing the complaint. The Supreme Court denied the plaintiffs' motion and granted the cross motion.

Under all of the circumstances presented in the record,

including but not limited to those outlined above, we agree with the Supreme Court that the plaintiffs failed to demonstrate entitlement to judgment as a matter of law on their second cause of action. The plaintiffs failed to establish that the defendant's alleged violation of Labor Law § 240 (1) proximately caused the injured plaintiff to fall (see, e.g., Antunes v 950 Park Ave. Corp., 149 AD2d 332; Miller v Long Is. Light. Co., 166 AD2d 564). We also find, however, that the defendant failed to establish its entitlement to judgment as a matter of law dismissing the plaintiffs' cause of action pursuant to Labor Law § 240 (1), and that the Supreme Court erred in granting the cross motion and in dismissing the complaint. Bracken, J. P., Miller, Joy and Krausman, JJ., concur.