■ JANUSZ GONTARZEWSKI, Appellant, v CITY OF NEW YORK, Respondent. [683 NYS2d 72] —Order, Supreme Court, New York County (Louis York, J.), entered on or about November 3, 1997, which, to the extent appealed from as limited by his brief, denied plaintiff-appellant's motion for summary judgment, unanimously reversed, on the law, without costs, and the mo-tion granted.

On May 4, 1992, plaintiff commenced work for Fresh Meadows Painting and Construction Corp. at a job site located at 308 West 151st St. in Manhattan. The verified complaint, as expanded by plaintiff's bill of particulars, alleges that he sustained spinal injury and fractured a rib when, that same day, a beam on which he was working collapsed, causing him to fall from the height of the second floor. The complaint as-serts violations of Labor Law §§ 200, 240, 241 and 241-a.

Plaintiff thereafter moved for summary judgment pursuant to CPLR 3212 based on the failure of defendant City of New York to comply with Labor Law § 240 (1). Plaintiff's affidavit states that he was not provided with any safety device. It recounts that he was standing astride two beams while holding up a third beam, located between them, with a rope. Another worker was to cut the middle beam so that it could be lowered to the ground. However, the worker had cut both the center beam and the beam supporting plaintiff's left leg. As a result, according to plaintiff's deposition testimony, he fell to the

ground along with the two beams. In opposition, the City provided only the affidavit of an Assistant Corporation Counsel, which argues that plaintiff failed to demonstrate that any safety device was necessary for the task he was performing. In reply, plaintiff correctly noted that the affidavit of counsel is insufficient to raise an issue of fact in opposition to a motion for summary judgment. Supreme Court denied plaintiff's motion, however, holding that where the only evidence supporting the motion is the plaintiff's affidavit, the credibility of his version of events is a matter best left for resolution by a jury.

On appeal, defendant relies on this Court's decisions in *Manna v New York City Hous. Auth.* (215 AD2d 335) and *Antunes v 950 Park Ave. Corp.* (149 AD2d 332) to support Supreme Court's ruling. However, those cases are distinguishable. In each, a question of fact was raised by the evidence of record concerning the cause of the respective plaintiff's injury (*Manna v New York City Hous. Auth., supra,* at 335-336 [person who allegedly threw cinder block not employed by defendant and never found]; *Antunes v 950 Park Ave. Corp., supra,* at 333 [no apparent defect in ladder or its placement]). Because the circumstances bore on the liability of the parties defendant, a trial was required to resolve the factual issues.

By contrast, there is nothing in the record before this Court to contradict plaintiff's version of events (*Klein v City of New York,* 222 AD2d 351, 352, *affd* 89 NY2d 833; *see also, Noah v 270 Lafayette Assocs.,* 233 AD2d 108). Moreover, in light of the failure to provide plaintiff with any safety device to protect him against the risk of falling, "the only inference to be drawn from the evidence is that a failure to provide appropriate protective devices is the proximate cause of the plaintiff's injuries ([*Zimmer v Chemung County Performing Arts*], 65 NY2d [513], at 524 [failure to provide any safety device whatsoever])" (*Weber v 1111 Park Ave. Realty Corp.,* 253 AD2d 376, 377). Concur—Rosenberger, J. P., Wallach, Rubin and Mazzarelli, JJ.