■ JAMES McCANN et al., Appellants, v CENTRAL SYNAGOGUE et al., Respondents. (And a Third-Party Action.) [720 NYS2d 459] —Order, Supreme Court, New York County (Louis York, J.), entered May 24, 2000, which, insofar as limited by the briefs, denied plaintiffs' motion for partial summary judgment on liability under Labor Law § 240 (1), unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff James McCann, an employee of Amis, Inc., a demolition company, commenced this Labor Law action seeking damages for injuries sustained when he fell from an inclined wooden ramp four to eight feet high, while pushing a bin filled with debris up the ramp for disposal outside a construction site, owned by defendant Central Synagogue, which hired defendant Turner Construction, Inc., as the construction manager for the project. The ramp was built by Angela Construction Services, the third-party defendant.

At his examination before trial, plaintiff testified that his job consisted of filling metal bins, weighing about 100 pounds when empty, with debris such as sheetrock, wood, and concrete, taken from the basement of the synagogue, and transporting it up the ramp, which was about eight to ten feet long and four to five feet wide, and had no railings on the sides.

On the day of the accident, July 17, 1998, plaintiff, in a Sisyphean effort, was pushing a bin three-quarters full up the ramp, when the bin encountered a "hump," causing the bin to tilt. As a result, he and the bin fell from the unbarricaded ramp to the ground. Although no one witnessed the fall, a carpenter who heard the noise of the bin hitting the ground

came upon plaintiff lying on the ground. When the carpenter asked plaintiff how he was feeling, plaintiff said that he felt pain in his buttocks, which is where he landed. After getting up, plaintiff did not try to push the bin up the ramp again, and instead told his supervisor that he wanted to go to the hospital. Plaintiff asked if he needed to bring anything with him in order to receive treatment, but the supervisor did not have any information available. A few minutes later, plaintiff went home. He states that he suffers from a disabling back injury resulting from the fall.

The IAS Court denied plaintiff's motion for summary judgment on liability under Labor Law § 240 (1) against defendants, finding that a question of fact existed as to plaintiff's credibility, given that the fall was unwitnessed, and that plaintiff's supervisor, in his affidavit, averred that after being found on the ground plaintiff picked himself up, did not appear hurt, and refused hospitalization or medical treatment.

On appeal, defendants do not dispute that the accident actually occurred, or that the accident is gravity-related. Instead, they argue that the ramp from which plaintiff fell is not a device covered by Labor Law § 240 (1), and that even if covered, plaintiff has failed to make a prima facie entitlement to summary judgment. We disagree.

Under Labor Law § 240 (1), "[a]ll contractors and owners and their agents [engaged] * * * in the erection, demolition, repairing, altering * * * of a building or structure shall furnish or erect * * * for the performance of such labor, scaffolding, hoists, stays * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." The Court of Appeals has stated that the statute should be interpreted as liberally as necessary to accomplish its purpose, which is to protect workers exposed to gravity-related hazards such as falling from a height (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494).

Owners, contractors, and their agents are strictly liable for any breach of the duty to provide proper protection that proximately causes an injury (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513). Therefore, comparative negligence is not a defense (*Ortiz v SFDS Dev.*, 274 AD2d 341), although the recalcitrant worker defense is available (*Balthazar v Full Circle Constr. Corp.*, 268 AD2d 96).

The issue is not whether the ramp itself is a safety device, but whether it was constructed and maintained with adequate safety devices, such as railings or safety curbs. Plaintiff's consistent and uncontradicted testimony that he fell from the

ramp causing him to sustain injury, established that the ramp did not provide proper protection in that it provided no railing or curb (see, *Gontarzewski v City of New York*, 257 AD2d 394, 395; *Klein v City of New York*, 222 AD2d 351, 352; *Nelson v Ciba-Geigy*, 268 AD2d 570, 572 [finding that whether a device provided proper protection is not a question of fact when it "fails to support the plaintiff and his materials"]). The record does not reveal that plaintiff was a recalcitrant worker (see, *Balthazar, supra*) or that defendants provided him with any safety device, which he failed to use (see, *Gontarzewski, supra*). Moreover, nothing in the record indicates that something other than the lack of railing, safety curb, or other proper protection was the proximate cause of plaintiff's injuries (see, *id.*).

We have considered defendants' other contentions and rejected them. Concur—Rosenberger, J. P., Williams, Tom, Ellerin and Wallach, JJ.