[874 NE2d 723, 842 NYS2d 759]

GLENFORD MORRIS, Appellant, v PAVARINI CONSTRUCTION et al.,
Respondents. (And a Third-Party Action.)

Argued June 6, 2007; decided July 2, 2007

## POINTS OF COUNSEL

*Sacks and Sacks, LLP,* New York City (*Scott N. Singer* of counsel), for appellant. I. The Appellate Division erred in dismissing plaintiff's claim under Labor Law § 241 (6). (*Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Dodge v City of Hornell Indus. Dev. Agency,* 286 AD2d 902; *Greenidge v HRH Constr. Corp.,* 279 AD2d 400; *Baker v International Paper Co.,* 226 AD2d 1007; *Corsaro v Mt. Calvary Cemetery,* 227 AD2d 957; *Corsaro v Mt. Calvary Cemetery,* 214 AD2d 950; *Gielow v Coplon Home,* 251 AD2d 970; *Favia v Weatherby Constr. Corp.,* 26 AD3d 165; *Alvia v Teman Elec. Contr.,* 287 AD2d 421.) II. Plaintiff's claim under Labor Law § 200 should be reinstated. (*Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539; *Rice v Board of Educ. of City of N.Y.,* 302 AD2d 578; *Lombardi v Stout,* 80 NY2d 290; *Rizzuto v L.A. Wenger Contr. Co.,* 91 NY2d 343; *Gawel v Consolidated Edison Co. of N.Y.,* 237 AD2d 138; *Freitas v New York City Tr. Auth.,* 249 AD2d 184.)

*London Fischer LLP,* New York City (*Daniel Zemann, Jr., Anthony D. Capasso* and *Daniel P. Mevorach* of counsel), for respondents. I. Plaintiff's Labor Law § 241 (6) claim predicated upon 12 NYCRR 23-2.2 (a) fails because that rule only applies to forms and not their preconstruction components. (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Gielow v Coplon Home,* 251 AD2d 970; *Corsaro v Mt. Calvary Cemetery,* 227 AD2d 957; *Monroe v City of New York,* 67 AD2d 89; *Rodriguez v New York City Hous. Auth.,* 209 AD2d 260; *Measom v Greenwich & Perry St. Hous. Corp.,* 268 AD2d 156, 95 NY2d 959; *Corsaro v Mt. Calvary Cemetery,* 214 AD2d 950; *Corsaro v Mt. Calvary Cemetery,* 258 AD2d 969.) II. 12 NYCRR 23-2.2 (a) is not sufficiently specific to support a claim under Labor Law § 241 (6). (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Hassett v Celtic Holdings,* 7 AD3d 364; *Petrocelli v Tishman Constr. Co.,* 19 AD3d 145; *Maday v Gabe's Contr., LLC,* 20 AD3d 513; *Sparkes v Berger,* 11 AD3d 601; *Schwab v A.J. Martini, Inc.,* 288 AD2d 654; *Piazza v Frank L. Ciminelli Constr. Co., Inc.,* 2 AD3d 1345.) III. Plaintiff's Labor Law § 200 claims are not before the Court. (*Kraska v Beck,* 277 App Div 836; *Hecht v City of New York,* 60 NY2d 57; *Graubard Mollen Dannett & Horowitz v Mos-*

*kovitz,* 86 NY2d 112; *New York Cent. R.R. Co. v Beacon Milling Co.,* 293 NY 218; *JMD Holding Corp. v Congress Fin. Corp.,* 4 NY3d 373; *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539.)

**OPINION OF THE COURT**

SMITH, J.

The issue is whether a Labor Department regulation requiring "forms" to be "braced or tied together so as to maintain position and shape" (12 NYCRR 23-2.2 [a]) has been violated. We hold that the question cannot be answered on this record.

## Facts and Procedural History

Plaintiff, a carpenter, was working on the construction of a new building in Manhattan when a large object, which he says was a "form," fell on and injured his hand. The record shows that the word "form" can refer to several different things, but for present purposes it is a kind of mold used in the fabrication of concrete walls. Such a form is made of two metal sides with a space between them, into which liquid concrete is poured; the form is removed after the concrete has hardened.

The only description in the record of the object that fell on plaintiff is from his deposition; the description is neither clear nor complete. The object was not a completed form, but was part or all of one of a form's sides. The side was constructed of metal plates, estimated by plaintiff to be two feet wide and four feet long, joined together in a way plaintiff's testimony does not explain. Plaintiff testified that the wall that was to be shaped using the form would be very large—"like 30 feet high and maybe the same amount in length"—and so presumably the side of the form was, or was to be, of at least that size.

Plaintiff sued the construction manager and the owner of the premises, claiming among other things that the object that fell on him was rendered unsafe by the violation of a Labor Department regulation governing concrete work and that defendants were therefore liable for his injuries under Labor Law § 241 (6). Supreme Court dismissed his other claims, but denied defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim. On defendants' appeal, the Appellate Division reversed and ordered the Labor Law § 241 (6) claim dismissed. We granted leave to appeal, and now reverse the Appellate Division's order and remit the case to Supreme Court for further proceedings.

## Discussion

Defendants did not direct or control the work that plaintiff was doing when he was injured. Thus, they can be liable to him only if Labor Law § 241 (6) imposes on them a nondelegable duty, making them liable for the conduct of others. Labor Law § 241 (6) says:

> "All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places. The commissioner may make rules to carry into effect the provisions of this subdivision, and the owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work, shall comply therewith."

This statute, we have explained, is, "in a sense, a hybrid" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 503 [1993]). Its first sentence merely reiterates common-law standards of care, and thus cannot be a basis for civil liability by persons who are not themselves negligent; the first sentence "cannot by itself be relied upon as the source of an owner's or general contractor's nondelegable duty" (*id.* at 504). The second sentence, however, requiring owners and contractors to comply with rules of the Commissioner of Labor, does create a nondelegable duty—but only where the regulation in question contains a "specific, positive command[ ]" (*Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 297 [1978]), not where the regulation itself, using terms like "adequate," "effective," "proper," "safe," or "suitable," merely incorporates "the ordinary tort duty of care" (*Ross*, 81 NY2d at 504).

Thus, plaintiff here can recover only if he shows a violation of a specific regulatory requirement. The regulation he relies on is 12 NYCRR 23-2.2 (a), which says in relevant part: "Forms . . . shall be structurally safe and shall be properly braced or tied together so as to maintain position and shape."

The words "structurally safe" and the adverb "properly" are not specific enough to be a basis for Labor Law § 241 (6) liability, but the words "braced or tied together so as to maintain position and shape" impose more specific requirements. Plaintiff

has alleged that those requirements were violated. Defendants assert, and the Appellate Division held, that there was no violation.

The gist of defendants' argument is that the regulation is inapplicable here because it cannot apply to anything but a completed form. It does not make sense, defendants say, to require one side of a form to be "braced or tied together so as to maintain position and shape." Plaintiff disagrees, relying on the affidavit of an engineer; the affidavit uses the words "metal concrete forms" to refer to objects of the kind that injured plaintiff, and says "[t]he metal concrete forms could have been tied together via wood or straps or both to secure the metal forms to each other and provide stability." Plaintiff's engineer offers no further explanation of what he says should have been done; defendants submitted no expert testimony.

It was premature for the Appellate Division to grant summary judgment on this record. The interpretation of the regulation presents a question of law, but the meaning of specialized terms in such a regulation is a question on which a court must sometimes hear evidence before making its determination (*see Millard v City of Ogdensburg*, 274 AD2d 953, 954 [4th Dept 2000]). Here, a more complete record is necessary, both as to the nature of the object that caused the injury and the opinions of those expert in the construction of concrete walls as to whether the words of the regulation can sensibly be applied to anything but completed forms.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for proceedings consistent with this opinion.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order reversed, etc.