■ BRIAN GIORDANO, Appellant, v FOREST CITY RATNER COMPANIES et al., Respondents. [842 NYS2d 552]—

In a consolidated action to recover damages for personal

injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), entered October 12, 2006, as granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages pursuant to Labor Law § 241 (6) based on violations of 12 NYCRR 23-2.2 (a) and 23-2.4 insofar as asserted against the defendants F.C. Foley Square Associates, LLC, and FCR Construction Services, LLC.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to recover damages pursuant to Labor Law § 241 (6) based on a violation of 12 NYCRR 23-2.2 (a) insofar as asserted against the defendants F.C. Foley Square Associates, LLC, and FCR Construction Services, LLC, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff, Brian Giordano, a carpenter, allegedly was injured at a construction site when a gust of wind blew a 4' by 8' sheet of plywood into the back of his head. The impact knocked him to the deck. The plaintiff commenced two actions, later consolidated, against the defendants asserting, inter alia, a claim to recover damages pursuant to Labor Law § 241 (6) based on violations, among other things, of two sections of the Industrial Code. The plaintiff alleged in his amended bill of particulars that the defendants violated a number of provisions of the Industrial Code including 12 NYCRR 23-2.2, relating to concrete work, and 12 NYCRR 23-2.4, relating to flooring requirements in building construction. The plaintiff asserted that the sheet of plywood that struck him was both part of the floor on which he was working and the base of the form into which concrete would ultimately be poured. He claimed that a laborer's failure to tack the sheet of plywood in place was a violation of both cited sections of the Industrial Code.

The building on which the plaintiff was working was being constructed by pouring concrete to create the floors and pillars of the structure. The provisions of 12 NYCRR 23-2.4 (a) and (b) relate to temporary and permanent flooring in skeleton steel construction. Subdivision (c) of section 23-2.4 relates to buildings with single wood flooring, double wood flooring, or bar joint construction. The cited code provision has no applicability to the poured concrete construction on the site where the plaintiff was injured (*see Bennion v Goodyear Tire & Rubber*

*Co.*, 229 AD2d 1003 [1996]; *cf. Portillo v Roby Anne Dev., LLC,* 32 AD3d 421, 422 [2006]; *Aloi v Structure-Tone, Inc.,* 2 AD3d 375, 376 [2003]). Accordingly, the Supreme Court correctly dismissed the plaintiff's complaint to the extent it alleges a claim for damages pursuant to Labor Law § 241 (6) based on a violation of Industrial Code (12 NYCRR) § 23-2.4.

12 NYCRR 23-2.2 (a) provides: "Forms, shores and reshores shall be structurally safe and shall be properly braced or tied together so as to maintain position and shape."

The plaintiff was in the process of creating the form for the concrete before concrete would be poured; however, metal workers would have to install the rebar. The Supreme Court, citing the Appellate Division, First Department's decision in *Morris v Pavarini Constr.* (30 AD3d 177 [2006], *revd* 9 NY3d 47 [2007]), ruled that section 23-2.2 (a) does not apply because the form had not yet been completed. In *Morris v Pavarini Constr.,* the First Department held section 23-2.2 (a) inapplicable to forms that had not been completed. The Court of Appeals has since reversed the First Department's decision based on the inadequacy of the record (*see Morris v Pavarini Constr.,* 9 NY3d 47 [2007]). In that case, no experts were advanced by the defendants, and the plaintiff's engineer did not address whether the words of the Industrial Code rule could sensibly be applied to anything but completed forms. Likewise, at bar we have no expert opinion addressing this issue. Consequently, the defendants F.C. Foley Square Associates, LLC, and FCR Construction Services, LLC, as the proponents of the motion, did not establish their prima facie entitlement to summary judgment dismissing the complaint to the extent the complaint relied on an alleged violation of section 23-2.2 (a) (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]), and the Supreme Court thus erred in granting their motion to that extent. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.