(July 29, 2008)

■ CHARLES McCOY, Respondent, et al., Plaintiff, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants, et al., Defendants. [863 NYS2d 8]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered November 20, 2007, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion for a framed issue hearing to determine, for purposes of plaintiff-respondent's Labor Law § 241 (6) claim, whether a certain piece of equipment is a mobile crane within the ambit of the Industrial Code, reversed, on the law, without costs, and the motion granted.

On the prior appeal, this Court allowed plaintiffs to amend their bill of particulars to allege violations of Industrial Code (12 NYCRR) § 23-8.1 (f) (1) (iv) and (2) (i) and § 23-8.2 (c) (3), on the ground that such provisions "could provide a predicate for liability under Labor Law § 241 (6)" in that the horizontal movement of the raised load constituted "hoisting" (38 AD3d 308, 310 [2007]). This holding was not, however, a determination on the merits and, therefore, it is not binding as law of the case on the issue of whether the Gradall 534B rough terrain forklift used to hoist the load constitutes a mobile crane (*see e.g. James v R & G Hacking Corp.*, 39 AD3d 385, 386 [2007], *lv denied* 9 NY3d 814 [2007]). Nor did defendants, by choosing not to argue the point in opposition to plaintiffs' prior appeal or by deciding not to pursue their own appeal from the same order, waive or abandon their right to argue the merits on this issue at a subsequent point in the litigation.

Contrary to the view expressed in the dissent, the motion court, in the June 2005 order from which the prior appeal was taken, did not render a "determination that an issue of fact was presented as to whether the Gradall is a mobile crane." In fact, the June 2005 order denied plaintiffs leave to add to their bill of particulars certain Industrial Code provisions (including those now at issue) without even referring to the mobile crane issue, and granted leave to add certain other provisions while expressly "[a]ssuming, without deciding," that the Gradall is a mobile crane. This Court disposed of plaintiffs' appeal from the June 2005 order (which was modified, by a 3-2 vote, to permit plaintiffs to add the provisions now at issue) without engaging in any analysis of whether the Gradall is a mobile crane, in either the majority writing or the dissent. Thus, before defendants moved for a framed issue hearing, neither the motion court nor this Court had ever determined that a triable jury issue exists as to whether the Gradall constitutes a "mobile crane" within the meaning of the Industrial Code. The dissent cites no authority from any source—statute, procedural rule, or case law—that would warrant denying defendants, under these circumstances,

the opportunity to obtain a pretrial judicial determination of the legal question of whether the Gradall constitutes a "mobile crane" under the relevant regulations (*see Morris v Pavarini Constr.*, 9 NY3d 47, 51 [2007] ["The interpretation of the (Industrial Code) regulation presents a question of law, but the meaning of specialized terms in such a regulation is a question on which a court must sometimes hear evidence before making its determination"]; *Messina v City of New York*, 300 AD2d 121, 123 [2002] ["The interpretation of an Industrial Code regulation and determination as to whether a particular condition is within the scope of the regulation present questions of law for the court"]). Concur—Friedman, Nardelli and Williams, JJ.

Mazzarelli, J.P., and Saxe, J., dissent in a memorandum by Saxe, J., as follows: I would affirm the order denying defendants-appellants' motion for a framed issue hearing to determine, for purposes of plaintiff-respondent's Labor Law § 241 (6) claim, whether a certain piece of equipment is a mobile crane within the ambit of the Industrial Code.

In the order challenged on the prior appeal, Supreme Court dismissed plaintiffs' common-law negligence claims and Labor Law §§ 200 and 240 (1) claims, as well as the Labor Law § 241 (6) cause of action with respect to certain claims; it permitted plaintiffs to amend their bill of particulars to include violations of Industrial Code (12 NYCRR) § 23-8.2 (d) (1) and (2) and, as to those sections, held that the question of whether the Gradall 534B rough terrain forklift was a mobile crane presented an issue of fact. On appeal, plaintiffs challenged particular aspects of Supreme Court's order denying in part and granting in part defendants' motion for summary judgment and plaintiffs' motion to amend their bill of particulars; defendants withdrew their appeal. We modified so as to permit amendment of the bill of particulars to include asserted violations of three other Industrial Code provisions as well, and otherwise affirmed.

On the eve of trial, defendants moved for a stay of trial and a framed issue hearing to determine, as a matter of law, the issue Supreme Court had already held to be a question of fact, namely whether the Gradall was a mobile crane as contemplated in the Industrial Code. This point could have been raised by defendants in the appeal they instead decided to withdraw.

While the prior appeal was limited, and we were not required to review the holding as to the characterization of the Gradall, defendant made a strategic decision to leave unchallenged the determination that an issue of fact was presented as to whether the Gradall is a mobile crane. Having declined to appeal from that aspect of the decision, they should not be permitted to

make an end run around the decision, thereby successfully sidetracking the trial on the very day on which jury selection was scheduled to begin. The matter should now proceed to trial on the question of whether defendant was negligent under any of the theories plaintiff proffered, including the Industrial Code provision applicable to mobile cranes.

Accordingly, I respectfully dissent.