■ ELVIN LOPEZ, Respondent, v ELIZABETH ANGELA CHAN, Appellant, et al., Defendant. (And a Third-Party Action.) [959 NYS2d 67]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered March 14, 2012, which, to the extent appealed from, denied the motion of defendant landlord Elizabeth Angela Chan for summary judgment dismissing the complaint as against her, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint as against Elizabeth Angela Chan.

In February 2008, plaintiff slipped and fell down a stairway while lowering a hand truck to deliver cases of beer to a storage cellar below a grocery store. Plaintiff was descending a short, vaulted stairway that led down from the sidewalk into the cellar. The cellar was inaccessible from inside the store, and the only way to enter or exit it was to open two metal doors that, when closed, lay flush with the sidewalk and covered the stairway.

In August 2009, plaintiff commenced this negligence action against the defendant store and the store's out-of-possession landlord on the ground that the stairway's unsafe condition caused his accident. After discovery, the landlord moved for summary judgment dismissing the complaint as against her,

arguing that the stairway was not dangerous, and that in any event she did not cause the alleged defective condition and lacked actual or constructive notice of it.

In opposition, plaintiff contended that the landlord could be held liable because the lease gave her the right to reenter the premises for needed repairs, and the stairway required repair because of "a significant structural or design defect that [was] contrary to a specific statutory safety provision" (*Johnson v Urena Serv. Ctr.*, 227 AD2d 325, 326 [1st Dept 1996], *lv denied* 88 NY2d 814 [1996]). According to plaintiff, the stairway violated the 1968 Building Code of City of New York (Administrative Code of City of NY) (the Building Code) because it lacked handrails (*see* Building Code § 27-375 [f]) and because the riser heights and tread widths of the flight of stairs were not uniform (*see* Building Code § 27-375 [e] [2]). In reply, the landlord submitted an affidavit from a professional engineer who opined that the allegedly violated provisions only apply to "interior stairs" as defined in the Building Code and that the cellar stairway did not fit that definition. Instead, the expert stated, the stairway is an "access stairway" under the Building Code.

In March 2012, the motion court, to the extent appealed, denied summary judgment to the landlord on the ground that she had not established as a matter of law that the Building Code provisions about handrails, riser heights, and tread widths did not apply to the cellar stairway. The court found that the applicability of the Building Code provisions was a question of fact for the jury.

Summary judgment should have been granted to the landlord. We first note that the question whether Building Code provisions apply to a structure is an issue of statutory interpretation that the court should determine (*see DeRosa v City of New York*, 30 AD3d 323, 326 [1st Dept 2006]). We find as a matter of law that the cellar stairway does not qualify as an "interior stair," which is defined as "[a] stair within a building, that serves as [an] . . . exit" (Building Code § 27-232). The cellar stairway does not fit that definition because it is not within a "building" and it does not serve as an "exit." The Building Code defines "buildings" as "enclosed structure[s] including service equipment therein" (*id.*). By "service equipment," the Building Code means "[e]quipment . . . which provides sanitation, power, light, heat, cooling, ventilation, air-conditioning, refuse disposal, fire-fighting, transportation, or similar facility for a building which by design becomes a part of the building" (*id.*). The cellar storage area is not a "building" within the meaning of the Building Code because it is a self-contained area which is

completely separate and inaccessible from the grocery store above it, and because it contains no service equipment connected with the store.

Moreover, the stairway does not serve as an "exit," which the Building Code defines as "[a] means of egress from the interior of a building to an open exterior space" (id.). The cellar stairway could not serve as an exit from the interior of the store because the cellar cannot be reached from within the store.

Since the Building Code provisions requiring handrails and uniform riser heights and tread widths only apply to "interior stairs" (see Building Code § 27-375), plaintiff's claim against the landlord fails. Accordingly, the complaint as against her is dismissed. Concur—Andrias, J.P., Saxe, Moskowitz, Freedman and Abdus-Salaam, JJ. **[Prior Case History: 2012 NY Slip Op 30626(U).]**