■ GARY LIMAURO et al., Respondents, v CITY OF NEW YORK DEPARTMENT OF ENVIRONMENTAL PROTECTION, Appellant, et al., Defendants, et al., Third-Party Plaintiff, et al., Third-Party Defendant. CITY OF NEW YORK DEPARTMENT OF ENVIRONMENTAL PROTECTION, Fourth-Party Plaintiff-Appellant, v J.A. JONES/DAIDONE, a Joint Venture, Fourth-Party Defendant-Appellant, et al., Fourth-Party Defendants. (And a Second Fourth-Party Action.) [608 NYS2d 196] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered February 4, 1993, which, *inter alia,* granted the municipal defendant's motion for reargument, and adhered to a decision dated May 8, 1992, which granted plaintiff's motion for summary judgment on the issue of liability against the municipal defendant on plaintiff's claim under Labor Law § 240 (1) and denied said defendant's cross-motion for summary judgment, unanimously affirmed, without costs.

On February 18, 1988, plaintiff, an electrician, was working on the construction of the North River Water Pollution Control Plant in Manhattan on property owned by the City of New York. Plaintiff and his supervisor had just finished using a mobile "scaffold/power lift" to inspect a conduit suspended from the ceiling. When the lift was returned to its original position, the platform upon which the men stood remained eight feet from the ground. Plaintiff began to descend the three rung ladder attached to the rear of the vehicle. When he stepped from the last rung, his foot as well as the rest of his

leg up to his knee went into an opening in the floor located directly under the ladder, thereby causing him injury. This opening was one of a large number of slots deliberately left in the floor for the positioning of machinery to be installed at a later time. While these slots were supposed to be kept covered with plywood, during the course of construction, many had become exposed.

Under Labor Law § 240 (1), "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

Here, we find that the IAS Court correctly found that the within claim came within the purview of section 240 (1). There is no question that the statutory requirement that a "ladder" be supplied and properly "placed" was designed to protect against precisely the type of "elevation-related" hazard presented by the eight foot drop from the vehicle's platform to the floor (Rocovich v Consolidated Edison Co., 78 NY2d 509, 513-514). Nor is there any question that it was a violation of that statutory requirement, i.e., the placement of a ladder above a hole rather than above solid flooring, which was the occasion of this injury. The fact that the ladder was attached to the vehicle neither eliminates the importance of its safe placement nor changes the fact that the risk of injury was elevation-related. Moreover, this hazard was not merely tangentially related to the effects of gravity (cf., Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). Rather, the ladder herein, because placed above a hole, failed to serve the core objective of the requirement of Labor Law § 240 (1) by failing to provide a means for the worker to negotiate the height differential safely. Concur—Sullivan, J. P., Rosenberger, Ellerin and Rubin, JJ.