■ James McCoo, Respondent, v Lollytogs, Ltd., Respondent-Appellant and Third-Party Plaintiff, and SZS 33 Associates, L.P., Appellant-Respondent, et al., Defendant, et al., Third-Party Defendants. SZS 33 Associates, L.P., Second Third-Party Plaintiff-Respondent, v Ambassador Construction Co., Inc., Second Third-Party Defendant, JWP/IS Network Integration Services, Inc., Second Third-Party Defendant-Appellant, JWP Forest Electric Corp., Inc., Second Third-Party Defendant-Respondent,* and KMA of Whitehall, Inc., Second Third-Party Defendant-Respondent-Appellant. [675 NYS2d 35] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered April 3, 1997, to the extent that it granted plaintiff's motion for summary judgment against defendant SZS 33 Associates on his cause of action for liability under Labor Law § 240 (1), and directed an immediate trial on damages on that cause, while severing plaintiff's other claims, as well as third-party claims and all cross claims, unanimously reversed, on the law, without costs, the motion denied, and plaintiff's note of issue and statement of readiness for trial on damages alone vacated. Appeal from so much of that order as denied SZS's motion for indemnification against co-defendant Lollytogs, unanimously dismissed as superseded by a subsequent order. Order, same court and Justice, entered July 12, 1997, to the extent that it granted SZS's summary judgment motion for "full" indemnification against Lollytogs while denying applications for "common-law" indemnification as premature, unanimously modified, on the law, by substitut-

---

* Plaintiffs' brief states that all plaintiffs retired after 1970.

* Actually argues in support of appellants SZS 33 Associates and JWP/IS Network Integration Services, although has not filed its own notice of appeal.

ing "contractual" for "full" indemnification in the relief granted SZS against Lollytogs, and otherwise affirmed, without costs. Appeal from so much of that order as denied reargument of the earlier grant of summary judgment to plaintiff, unanimously dismissed as nonappealable, in any event having been rendered academic by our reversal on the prior order.

Plaintiff, an employee of third-party and second third-party defendant JWP Forest, was performing electrical work on the 10th floor of a midtown Manhattan building owned by defendant SZS and rented by second third-party defendant KMA under a lease guaranteed by defendant Lollytogs, which had contracted for the work with third-party and second third-party defendant JWP/IS Network. On the last of at least 15 descents from his six-foot ladder during the course of that working day, plaintiff alleges he was injured when he stepped from the bottom rung into a hole approximately two feet square and 16 to 18 inches deep, which was exposed by a missing floor tile. How and at what point the tile came to be dislodged from its proper place has not been established. This action demanded $2 million in damages for common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6). The issues on this appeal flow primarily from motions involving plaintiff's right of recovery, as a matter of law, under section 240—the so-called Scaffold Act.

An injury to a worker who stumbles into a hole in the floor while his attention is fixed on an elevated task has been held actionable under section 240 (1) (*Serpe v Eyris Prods.*, 243 AD2d 375; *Carpio v Tishman Constr. Corp.*, 240 AD2d 234). More precisely to the point, a worker stepping from the bottom rung of his ladder into an opening in the floor, thereby suffering injury, was entitled to summary judgment under section 240 (1), even though the injury had been occasioned by the placement of the ladder above the hole rather than above solid flooring (*Limauro v City of N. Y. Dept. of Envtl. Protection*, 202 AD2d 170).

However, unlike these cases where the facts surrounding the accident were essentially uncontested, in the instant case there is a clear issue of credibility as to whether the condition claimed by plaintiff actually existed at the time of the accident. This crucial question must be resolved at trial before judgment can be granted.

Of course, any indemnification must likewise abide that determination, but the kind of indemnity that SZS seeks against

Lollytogs is clearly circumscribed by the terms of the lease. Thus, the IAS Court's grant, on SZS's reargument motion, of "full" indemnification against Lollytogs must be limited to "contractual" indemnification, as specified in the lease between these parties.

Plaintiff should file a new note of issue for trial, reflecting this disposition.

Motion (M-3177) granted to the extent of reargument, and the unpublished decision and order of this Court entered on April 9, 1998 (Appeal Nos. 483-485) recalled and vacated and a new decision and order decided simultaneously herewith substituted therefor, as indicated. The cross-motion (M-3342 and M-3746) are denied in their entirety. Concur—Rosenberger, J. P., Ellerin, Nardelli and Wallach, JJ.