■ REDING NIEVES et al., Respondents, v FIVE BORO AIR CONDITIONING & REFRIGERATION CORP., Appellant and Third-Party Plaintiff-Respondent. UNITED FIRE PROTECTION, INC., Third-Party Defendant-Appellant. [683 NYS2d 204] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered May 6, 1998, granting plaintiffs' motion for summary judgment on liability under Labor Law § 240 (1), and denying defendant's and third-party defendant's cross-motions for summary judgment dismissing plaintiff's Labor Law § 240 (1) claim, unanimously modified, on the law, without costs, to deny

plaintiffs' motion for summary judgment, and otherwise affirmed.

Plaintiff Reding Nieves (Nieves or plaintiff)* and his co-worker Louis Scotto (Scotto) were employed by third-party defendant United Fire Protection (United) to install fire sprinklers at the New York Hall of Science in Queens. Defendant Five Boro Air Conditioning & Refrigeration Corp. (Five Boro), the job's mechanical contractor, had subcontracted the installation of the sprinkler system to United.

The work included installing hangers in the ceiling and running pipe between them. As the ceiling was 10 feet high, the workers used eight-foot step ladders to reach it. They were also provided with two drop lights that they could place in the recessed portion of the ceiling to illuminate the work space. To protect the carpeted floor from falling construction debris, canvas drop cloths were spread below the work area.

According to Nieves, on October 27, 1993, during the course of his installation work at the site, he stepped to the ground from the first rung of a ladder onto a drop cloth covering the carpeted floor. As he did so, he allegedly tripped over a light that had been left underneath the cloth. His right foot was still on the ladder when he fell, but his weight was on his left foot, which hit the concealed light, causing him to twist his ankle and fall to the ground. Meanwhile, Scotto was descending his own ladder and heard but did not see Nieves fall. The first thing he saw was Nieves rolling on the ground and saying his back was hurt. Scotto and Nieves both claimed that when the drop cloth was pulled back, they saw that one of the drop lights had been concealed underneath, less than a foot from the ladder.

However, Nieves also testified that the drop cloth had been spread evenly on the floor and that he had not noticed any bump in it before climbing up the ladder. Scotto further indicated that both he and Nieves were using a drop light when the accident occurred. Nieves testified that they only had two drop lights, while Scotto said there were at least three.

Nieves commenced a lawsuit against Five Boro in May 1994, and Five Boro commenced a third-party action against United in July 1995. Plaintiff moved for summary judgment on his Labor Law § 240 (1) claim, arguing that the placement of the ladder failed to provide him with the proper means to negotiate the height differential safely. United and Five Boro made

---

* Co-plaintiff wife's suit for loss of consortium is derivative of plaintiff's claims and will not be discussed separately.

cross-motions for summary judgment, arguing that plaintiff's accident, even if it happened as he described, was not caused by an elevation-related risk. It was further asserted that summary judgment for plaintiff would be inappropriate because the facts surrounding the accident were exclusively in his possession.

The motion court granted plaintiff's application and denied the cross-motions. We conclude that neither side is entitled to summary judgment because there are questions of fact concerning how the accident occurred and to what extent plaintiff's descent from a ladder exacerbated the tripping hazard posed by the allegedly concealed drop light.

Labor Law § 240 (1) provides that all contractors and owners shall furnish or erect, or cause to be furnished or erected, certain devices (e.g., ladders) that shall be so constructed, placed and operated as to give construction workers proper protection from gravity-related and elevation-related risks (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 500). The duty imposed by this statute is nondelegable; an owner or contractor who breaches that duty may be held liable whether or not it exercised supervision and control over the work (*supra,* at 500). To hold the owner or contractor liable for his injuries under Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that this violation was a proximate cause of his injuries (*see, Bland v Manocherian*, 66 NY2d 452, 459-460).

However, the exceptional protections of Labor Law § 240 (1) were only meant to cover a special class of construction site risks. "The contemplated hazards are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514).

The statute was not intended to apply to the "usual and ordinary dangers at a construction site", such as tripping on debris on the work surface (*Fulton v Northland Assocs.*, 248 AD2d 1020). Thus, in *Laguna v 285 Cent. Park W. Corp.* (244 AD2d 241), this Court denied summary judgment to both sides because there was a question of fact as to whether plaintiff twisted his foot by tripping on a loose plank (which would not be covered by the statute), or whether his foot fell through a hole in the bridge when a plank was dislodged (which would be covered by the statute).

In *Limauro v City of N. Y. Dept. of Envtl. Protection* (202 AD2d 170), which the motion court herein believed to govern the instant case, plaintiff stepped from the bottom rung of a ladder into a deep hole in the floor. We held that the unsafe placement of a ladder above a hole constituted an elevation-related risk covered by the statute.

However, *Limauro (supra)* is distinguishable from the case at bar. In *Limauro*, the requisite elevation-related risk was primarily due to the hole, not the ladder. Even were a ladder not involved at all, the statute would have applied to the *Limauro* plaintiff's fall into a hole that should have been covered up (*see, Laguna v 285 Cent. Park W. Corp., supra*). By contrast, plaintiff would not be protected by Labor Law § 240 (1) for stumbling over a drop light on the floor (*Bonaparte v Niagara Mohawk Power Corp.*, 188 AD2d 853, *appeal dismissed* 81 NY2d 1067), unless the fact that he was stepping down from a ladder somehow increased the hazard (*see, Ross v Curtis-Palmer Hydro-Elec. Co., supra*, at 501 [though plaintiff was injured on scaffold, statute not applicable because gravity-related risk was irrelevant to actual cause of injury]).

Plaintiff contends that his elevated position on the ladder, far from being incidental to the accident, directly contributed to it because a person stepping down backwards off a ladder is unable to see tripping hazards below and behind him, whereas a person walking along the ground might be able to see and avoid the danger. This view finds some implicit support in *Binetti v MK W. St. Co.* (239 AD2d 214), in which we deemed Labor Law § 240 (1) applicable to a construction worker who was descending from the second to the first rung of a ladder when his foot struck a large bucket behind him, causing him to fall. He had not noticed the bucket when he positioned the ladder because the room was dark. As in the instant case, the elevation-related risk was caused by improper placement of the ladder next to an unseen tripping hazard (*see, Klein v City of New York*, 89 NY2d 833, 835).

However, plaintiff is not entitled to summary judgment because issues of fact exist as to the cause of plaintiff's fall. When the plaintiff is the sole witness to the accident, summary judgment is only appropriate if the defendant has presented no evidence of a triable issue of fact relating to plaintiff's credibility or materially different versions of how the accident occurred (*Klein v City of New York*, 89 NY2d 833, 835, *supra*). By contrast, we held in *Manna v New York City Hous. Auth.* (215 AD2d 335, 336) that "where the manner of the happening of the accident is within the exclusive knowledge of the plaintiff,

an award of summary judgment on liability is inappropriate because the defendant should have the opportunity to subject the plaintiff's testimonial account to cross-examination and have his credibility determined by the trier of fact", because defendant proffered some evidence contradicting plaintiff's version of events.

Here, Nieves, himself, is the only witness who knows how the accident occurred, but varying accounts of the incident have been offered (*Antunes v 950 Park Ave. Corp.*, 149 AD2d 332, 333). While his co-worker Scotto saw Nieves on the ground, Scotto did not see him trip on the light and fall from the ladder. Moreover, although both workers testified that they discovered a drop light beneath the cloth, the record is unclear as to how many drop lights were provided and whether they were all in use. A question of fact is also raised by plaintiff's statement that when he ascended the ladder, the drop cloth was spread out evenly on the floor, with no bumps. Accordingly, all parties' motions for summary judgment should have been denied. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.