Healy v Trinity Hudson Holdings (2025 NY Slip Op 06278)

Healy v Trinity Hudson Holdings

2025 NY Slip Op 06278

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2024

Before: Kern, J.P., Scarpulla, Friedman, O'Neill Levy, Chan, JJ. 

Index No. 155818/20|Appeal No. 5192|Case No. 2023-05020|

[*1]Michael Healy, Plaintiff-Respondent,
v
Trinity Hudson Holdings et al., Defendants-Appellants, Turner Construction Company, Defendant.

Perry Van Etten Rozanski & Kutner, LLP, New York (Kevin J. Brennan of counsel), for appellants.
Khavinson & Mandronico, P.C., New York (Michael J. Biniakewitz of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about August 7, 2023, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Trinity Hudson Holdings, LLC and Google LLC for summary judgment dismissing plaintiff's Labor Law § 240(1) claim as against them, unanimously reversed, on the law, without costs, and the motion granted.
Defendants Trinity and Google established their prima facie entitlement to summary judgment dismissing plaintiff's Labor Law § 240(1) claim based on plaintiff's deposition testimony, which demonstrated the inapplicability of Labor Law § 240(1) to the circumstances of plaintiffs accident. In response, plaintiff failed to raise a triable issue of fact.
Plaintiff testified that on the day of his accident he was working in a meeting room that had projection screens, soundproof walls, and raised floors, including a platform for the speakers. The platform had two access points — one via a ramp and the other on the opposite side of the platform, via a two-step staircase. Plaintiff needed to work on the ceiling above the platform, so he placed his ladder on the platform near the staircase. After he completed his work, he descended the ladder and placed both feet on the platform floor. He then turned to walk down the two-step staircase, missed a step, and fell.
There is no liability pursuant to Labor Law § 240(1) where the plaintiff's injuries are not related to the failure of a safety device, such as a ladder, to protect the plaintiff from a gravity-related hazard (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [1993]). Where the "injury results from a separate hazard wholly unrelated to the risk which brought about the need for the safety device in the first instance, no [Labor Law § 240(1)] liability exists" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 916 [1999]). Here, plaintiff's testimony established as a matter of law that the ladder was not the cause of plaintiff's injury (see Nieves, 93 NY2d at 916; Sihly v New York City Tr. Auth., 282 AD2d 337, 337 [1st Dept 2001], lv dismissed 96 NY2d 897 [2001]). The ladder was effective in preventing plaintiff from falling during his ceiling work. Plaintiff safely alighted from ladder and was able to place both feet on the floor of the platform after he got off the ladder. Nor was the ladder placed in a hazardous environment (cf. Limauro v City of N.Y. Dept. of Envtl. Protection, 202 AD2d 170, 170-171 [1st Dept 1994]).
Further, plaintiff's fall from the two-step staircase on the platform does not provide a basis for a Labor Law § 240(1) claim (see Lombardo v Park Tower Mgt. Ltd., 76 AD3d 497, 498 [1st Dept 2010]; cf. McGary v CVP 1 LLC, 55 AD3d 441, 441 [1st Dept 2008]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2024