| **Cashabamba v De Filippo** |
| 2025 NY Slip Op 34755(U) |
| December 10, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156045/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. MARY V. ROSADO**　　　　　　　　PART　　　　　　　**33M**

　　　　　　　　　　　　　　　　　　　*Justice*

-------------------------------------------------------------------X

ERIKA CASHABAMBA,

　　　　　　　　　　　　Plaintiff,

　　　　　　　　- v -

VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE
TRUST, CTI CONSTRUCTION INC.,

　　　　　　　　　　　　Defendant.

-------------------------------------------------------------------X

CTI CONSTRUCTION INC.

　　　　　　　　　　　　Plaintiff,

　　　　　　　　-against-

RIDGE CONTRACTING CORP.

　　　　　　　　　　　　Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156045/2022 |
| MOTION DATE | 07/14/2025, 07/16/2025 |
| MOTION SEQ. NO. | 006 007 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595130/2023

The following e-filed documents, listed by NYSCEF document number (Motion 006) 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 145, 147, 148, 149, 150, 151, 152, 161

were read on this motion to/for 　　　　　　JUDGMENT - SUMMARY　　　　　　.

The following e-filed documents, listed by NYSCEF document number (Motion 007) 139, 140, 141, 142, 143, 144, 146, 153, 154, 155, 156, 157, 158, 159, 160

were read on this motion to/for 　　　　　　JUDGMENT - SUMMARY　　　　　　.

Upon the foregoing documents, and after a final submission date of October 10, 2025,

motion sequences 006 ("Mot. Seq. 006") and 007 ("Mot. Seq. 007") are consolidated for

disposition and decided as follows:

**A.** Defendant/Third-Party Plaintiff CTI Construction Inc.'s ("CTI Construction") motion

for summary judgment ("Mot. Seq. 006") dismissing Plaintiff Erica Cashabamba's

("Plaintiff") Complaint and all crossclaims asserted against it is granted in part and

denied in part.

**156045/2022  CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT**　　　　**Page 1 of 9**
**ROSE TRUST ET AL**
**Motion No. 006 007**

[* 1]　　　　　　　　　　　　　　　　1 of 9

**B.** Defendant Vincent De Filippo ("De Filippo"), Trustee of the Desert Rose Trust's ("Desert Rose Trust") motion for summary judgment ("Mot. Seq. 007") dismissing Plaintiff's Complaint and all crossclaims asserted against him and granting him summary judgment on his crossclaims asserted against CTI Construction and Ridge Contracting is granted in part and denied in part. Plaintiff's cross motion to amend her verified bill of particulars is granted in part and denied in part.

## I.    Background

On July 14, 2022, Third-Party Defendant Ridge Contracting Corp. ("Ridge Contracting") employed Plaintiff as a laborer at a construction project at 163 West 76th Street, New York, New York (the "Premises") (NYSCEF Doc. 130 at 29; 39-40). Plaintiff was walking downstairs at the Premises when she slipped on the stairs between the second floor and first floor (NYSCEF Doc. 130 at 68-69; 93). Plaintiff claims protective paper covering was placed on the stairs and the paper was loose, which caused the paper to move and caused Plaintiff to slip and fall (NYSCEF Doc. 130 at 94; 97).

The Premises are owned by the Desert Rose Trust (NYSCEF Doc. 132 at 11-12). The Premises were undergoing a renovation project, and according to De Filippo, Ridge Contracting was contracted to serve as the general contractor overseeing the project (NYSCEF Doc. 132 at 20; 26). According to CTI Construction, it was contracted by the owner to serve as the general contractor and CTI Construction subcontracted work to Ridge Contracting (NYSCEF Doc. 133 at 10-11; 15).[1] Now, CTI and Mr. De Filippo move for summary judgment, while Plaintiff cross-moves to amend her bill of particulars. The motions are consolidated for disposition.

---

[1] According to Mr. De Filippo, his signature was forged on the contract and he had never heard of CTI Construction.

156045/2022  CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT
ROSE TRUST ET AL
Motion No. 006 007

Page 2 of 9

2 of 9

[* 2]

## II. Discussion

### A. Plaintiff's Cross Motion to Amend Her Bill of Particulars (Mot. Seq. 007)

Plaintiff's cross motion seeking leave to amend her bill of particulars is granted in part and denied in part. Leave to amend is freely granted in the absence of prejudice if the proposed amendment is not palpably insufficient as a matter of law (*Mashinksy v Drescher*, 188 AD3d 465 [1st Dept 2020]). A party opposing a motion to amend must demonstrate that it would be substantially prejudiced by the amendment, or the amendments are patently devoid of merit (*Greenburgh Eleven Union Free School Dist. v National Union Fire Ins. Co.*, 298 AD2d 180, 181 [1st Dept 2002]). Delay alone is not sufficient to deny leave to amend (*Johnson v Montefiore Medical Center*, 203 AD3d 462 [1st Dept 2022]).

There is no dispute that in her bill of particulars dated December 27, 2022, Plaintiff put Defendants on notice that she was alleging a Labor Law § 241(6) claim predicated on an alleged violation of Industrial Code § 23-1.7 (*see* NYSCEF Doc. 136). Plaintiff also put Defendants on notice that she would be alleging a violation of "all subsections contained therein" (*Id.*). Plaintiff further alleged her injury was caused by Defendants allowing a "staircase to be, become and remain obstructed and with debris, construction materials, dirt, tools and/or other tripping and/or slipping hazards." Thus, the proposed amendments do not give rise to any new theories of liability, and the facts underlying the more specific alleged violations of Industrial Code § 23-1.7 have been known to Defendants for years (*see Gjeka v Iron Horse Transport, Inc.*, 151 AD3d 463 [1st Dept 2017]; *see also Alarcon v UCAN White Plains Hous. Dev. Fund Corp.*, 100 AD3d 431, 432 [1st Dept 2012]). Therefore, Defendants cannot claim prejudice or surprise as to the alleged Industrial Code 1.7(d) violation, and Plaintiff is granted leave to amend to assert this claim.

156045/2022   CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE TRUST ET AL
Motion No.  006 007

Page 3 of 9

3 of 9

However, Plaintiff was unequivocal in her testimony that she slipped on loose brown paper as opposed to tripping over it. While Industrial Code § 1.7(d) prohibits slipping hazards, the proposed amendment to include Industrial Code § 1.7(e) is not applicable because that subsection prohibits tripping hazards. Nor is there any testimony of dirt or debris or scattered material causing Plaintiff to slip – the brown paper was, according to Plaintiff, purposefully placed material to protect the stairs from ongoing work. Therefore, the proposed amendment to include an alleged violation of Industrial Code § 1.7(e) is devoid of merit and leave to include this claim is denied.

### B. De Filippo's Motion (Mot. Seq. 007)

De Filippo's motion for summary judgment is granted in part and denied in part. As a preliminary matter, Plaintiff does not oppose dismissal of her Labor Law § 241(6) claim predicated on an alleged violations of Industrial Code §§ 23-1.5; 23-1.7(f); 23-1.15; 23-1.16; 23-1.16(a)(b); 23-1.7; 23-1.21; 23-1.21(b)(1); 23-1.21(b)(3)(i), 23-1.21(b)(4)(ii), 23- 1.21(b)(4)(iv), 23-1.21(e); 23-5; and 23-9.6. Therefore, these claims are dismissed as abandoned. Moreover, there is no dispute that De Filippo did not exercise control over the means and methods of Plaintiff's work, so De Filippo's motion for summary judgment dismissing Plaintiff's Labor Law § 200 premised on a "means and methods" theory of liability is dismissed (*see Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139 [1st Dept 2012]).

Upon a search of the record, the Labor Law § 200 and common law negligence claims premised on a "dangerous condition" theory are dismissed because the deposition testimony of Plaintiff establishes that De Filippo did not create or have notice of the alleged dangerous condition on the stairs. Plaintiff testified that as she was coming down the staircase, she did not notice anything wrong with the paper in the spot where she slipped (NYSCEF Doc. 130 at 96). She further testified when she first went up the staircase at 7:05 on the morning of her accident, she did not

**156045/2022  CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT
ROSE TRUST ET AL
Motion No.  006 007**

**Page 4 of 9**

4 of 9

not see anything wrong with the paper covering the staircase and the paper remained taped (*id.* at 119-120). Yet approximately one hour later, the tape allegedly came loose (*id.*). Under these circumstances, where De Filippo was not present and rarely frequented the Premises, there is no issue of fact as to his lack of actual or constructive notice of untaped brown paper on the staircase at the time of Plaintiff's fall (*see Zyskowski v Chelsea-Warren Corp.*, 238 AD3d 498, 499 [1st Dept 2025]; *DeMaria v RBNB 20 Owner, LLC*, 129 AD3d 623, 626 [1st Dept 2015]).[2]

Moreover, upon a search of the record, Plaintiff does not maintain a viable Labor Law § 240(1) claim by submitting Plaintiff's deposition testimony wherein it was clearly established that Plaintiff fell not due to the failure of a safety device meant to guard against a gravity related risk, but due to a paper covering that had come loose (*see Healy v Trinity Hudson*, 2025 NY Slip Op 06278 at *1 [1st Dept 2025]).

However, De Filippo fails to show entitlement to summary judgment dismissing Plaintiff's Labor Law § 241(6) claim premised on a violation of Industrial Code § 1.7(d). Labor Law § 241(6) imposes a non-delegable duty upon an owner and general contractor to "respond in damages" if a worker engaged in construction is injured due to inadequate safety and protection, even if the worker sustains an injury because of another party's negligence (*Rizzuto v L.A. Wenger Contracting Co.*, 91 NY2d 343, 350 [1998]). An owner or general contractor is not absolved of liability for lack of notice or for lack of an opportunity to cure the dangerous condition (*Gallina v MTA Capital Construction Company*, 193 AD3d 414 [1st Dept 2021]). The loose paper covering which allegedly caused Plaintiff to slip constitutes a foreign substance pursuant to Industrial Code § 1.7(d) (*see Bazdaric v Almah Partners LLC*, 41 NY3d 310, 320 [2024]; *see also Lourenco v City of New York*, 228 AD3d 577, 579 [1st Dept 2024]). A reasonable jury may credit Plaintiff's

---

[2] Mr. De Filippo testified he could not even recall seeing brown paper taped to the stairs on the occasions he visited the Premises (NYSCEF Doc. 132 at 40-41).

**156045/2022 CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE TRUST ET AL**
**Motion No. 006 007**

[* 5]

testimony and find the loose paper caused her to slip, making summary judgment dismissing Plaintiff's Labor Law § 241(6) claim predicated on a violation of Industrial Code § 1.7(d) inappropriate. That De Filippo may not have controlled the work or had notice of it is insufficient to avoid vicarious liability under Labor Law § 241(6).

De Filippo failed to meet its *prima facie* burden on its crossclaims against CTI Construction. On the one hand, De Filippo claims his signature on the CTI Construction contract was forged and on the other hand he seeks summary judgment on his indemnification and failure to procure insurance claims based on the very same contract he alleges is fraudulent. This in and of itself raises an issue of fact as to whether the contract with CTI Construction is enforceable or a forgery, precluding summary judgment. Moreover, the contract between CTI Construction and De Filippo has not been produced, therefore the Court has no way of determining whether CTI Construction's crossclaim for breach of contract should be dismissed against De Filippo as there is no evidence as to what De Filippo and CTI allegedly contractually agreed to.

However, as Ridge Construction is in default and has filed no opposition, De Filippo is granted summary judgment on its crossclaims against Ridge Construction. Moreover, because the common law negligence and Labor Law § 200 claims have been dismissed against De Filippo, and De Filippo may only be held vicariously liable under Labor Law § 241(6), CTI Construction's contribution and indemnification claims asserted against De Filippo are dismissed.

### C. CTI Construction's Motion for Summary Judgment (Mot. Seq. 006)

CTI Construction's motion for summary judgment is granted in part and denied in part. As an initial matter, CTI Construction's argument that it is entitled to summary judgment because it is not a proper Labor Law defendant is without merit as CTI Construction's own principal testified it served as the general contractor (NYSCEF Doc. 133 at 21).

156045/2022  CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT
ROSE TRUST ET AL
Motion No. 006 007

Page 6 of 9

6 of 9

[* 6]

Because Plaintiff does not oppose dismissal of her Labor Law § 241(6) claim predicated on an alleged violations of Industrial Code §§ 23-1.5; 23-1.7(f); 23-1.15; 23-1.16; 23-1.16(a)(b); 23-1.7; 23-1.21; 23-1.21(b)(1); 23-1.21(b)(3)(i), 23-1.21(b)(4)(ii), 23- 1.21(b)(4)(iv), 23-1.21(e); 23-5; and 23-9.6, these claims are dismissed as abandoned. Likewise, as there is no dispute that CTI Construction did not exercise control or supervision over Plaintiff's work, Plaintiff's Labor Law § 200 premised on a "means and methods" theory of liability is dismissed (*see Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139 [1st Dept 2012]). The Labor Law § 200 and common law negligence claims based on an alleged dangerous condition are dismissed. Pursuant to Plaintiff's own testimony the sheet of paper on which she slipped was missing tape for less than an hour and even Plaintiff who was present did not notice the missing tape. Under these circumstances, where CTI Construction did not create the condition, it cannot be charged with actual or constructive notice of the loose brown paper (*see Zyskowski v Chelsea-Warren Corp.*, 238 AD3d 498, 499 [1st Dept 2025]; *DeMaria v RBNB 20 Owner, LLC*, 129 AD3d 623, 626 [1st Dept 2015]).

Moreover, for the same reasons Plaintiff's Labor Law § 240(1) claim is dismissed against De Filippo, so too is it dismissed against CTI Construction (*see Healy v Trinity Hudson,* 2025 NY Slip Op 06278 at *1 [1st Dept 2025]). However, there remain triable issues of fact with respect to Plaintiff's Labor Law § 241(6) claim predicated on an alleged violation of Industrial Code § 1.7(d) precluding dismissal of that claim (*see Bazdaric v Almah Partners LLC*, 41 NY3d 310, 320 [2024]; *see also Lourenco v City of New York*, 228 AD3d 577, 579 [1st Dept 2024]).

CTI Construction has failed to meet its *prima facie* burden of dismissing the alleged forgery cross claim asserted by De Filippo. Because issues of fact remain as to the enforceability of any contract between CTI Construction and De Filippo, and the contract itself was not produced on the

156045/2022  CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT          Page 7 of 9
ROSE TRUST ET AL
Motion No.  006 007

7 of 9

[* 7]

motion, the motion for summary judgment dismissing the breach of contract cross claim is denied.[3] However, because the common law negligence and Labor Law § 200 claims have been dismissed against De Filippo and CTI Construction, and any liability on both of these parties is vicarious based on the allegedly negligent acts of the defaulted party Ridge Contracting, De Filippo's crossclaims for contribution and indemnification asserted against CTI Construction are dismissed.

Accordingly, it is hereby,

ORDERED that De Filippo's motion for summary judgment (Mot. Seq. 007) is granted to the extent that Plaintiff's Complaint against De Filippo is dismissed except for Plaintiff's Labor Law § 241(6) claim predicated on an alleged violation of Industrial Code § 1.7(d), and it is further

ORDERED that De Filippo's motion for summary judgment is granted to the extent that CTI's crossclaims for contribution and indemnification against De Filippo are dismissed, and De Filippo is granted summary judgment on its crossclaims asserted against Third-Party Defendant Ridge Contracting; and it is further

ORDERED that the remainder of De Filippo's motion for summary judgment is denied; and it is further

ORDERED that Plaintiff's cross motion to amend her bill of particulars to allege a Labor Law § 241(6) claim predicated on a violation of Industrial Code § 1.7(d) is granted but the remainder of her motion seeking leave to amend is denied, and the proposed amended bill of particulars in the form annexed (NYSCEF Doc. 154) shall be deemed served upon service of a copy of this order with notice of entry thereof; and it is further

---

[3] No party submitted a copy of the alleged contract between De Filippo and CTI Construction so the Court cannot even ascertain the insurance requirements allegedly outlined in the contract.

**156045/2022  CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT**          **Page 8 of 9**
**ROSE TRUST ET AL**
**Motion No. 006 007**

ORDERED that CTI Construction's motion for summary judgment is granted to the extent that Plaintiff's Complaint against CTI Construction is dismissed except for Plaintiff's Labor Law § 241(6) claim predicated on an alleged violation of Industrial Code § 1.7(d); and it is further

ORDERED that CTI Construction's motion for summary judgment is granted to the extent that DeFilippo's crossclaims for contribution and indemnification asserted against CTI Construction are dismissed; and it is further

ORDERED that the remainder of CTI Construction's motion for summary judgment is denied; and it is further

ORDERED that within ten days of entry, counsel shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 12/10/2025 | | May V Rosado JSC |
|---|---|---|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**156045/2022   CASHABAMBA, ERIKA vs. VINCENT DE FILIPPO, TRUSTEE OF THE DESERT ROSE TRUST ET AL**
**Motion No.  006 007**

Page 9 of 9

9 of 9